THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent, *v.* GEORGE E. PRIEST et al., Constituting the State Board of Tax Commissioners, Appellants.

TAX — CERTIORARI TO REVIEW ASSESSMENT UPON SPECIAL FRANCHISE — WHERE WRIT SHOULD BE MADE RETURNABLE. Under the Tax Law (L. 1899, ch. 712, §§ 42–45, as amd. L 1900, ch. 254) a petition for a writ of certiorari to review a special franchise assessment imposed by the state board of tax commissioners upon the property of a railroad corporation within the borough of Manhattan, may be made to and the writ allowed by a Special Term or a justice of the Supreme Court in the first judicial district, but under section 2132 of the Code of Civil Procedure the writ should be made returnable in the third judicial district at the office of the clerk of the county of Albany where the assessment is made, and if improperly made returnable in the first district it should not be quashed for that reason, but should be amended by making it returnable in that county.

*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Priest*, 63 App. Div. 128, modified.

(Argued January 8, 1802; decided January 28, 1902.)

1902.] People ex rel. N. Y. C. & H. R. R. Co. v. Priest. 433

N. Y. Rep.]                    Points of counsel.

APPEAL, by permission, from an order of the Appellate Division of the Supreme·Court in the first judicial department, entered October 30, 1901, which reversed an order of Special Term quashing a writ of certiorari theretofore issued to review the action of the defendants in assessing the relator's franchise.

The facts, so far as material, and the questions certified are stated in the opinion.

*John C. Davies*, Attorney-General (*Henry B. Coman* of counsel), for appellants. The assessment was made by the state board of tax commissioners. (L. 1900, ch. 254, §§ 42, 44, 45.) The assessment was made at the office of the state board in the capitol at Albany. (*People ex rel.* v. *Feitner*, 53 App. Div. 181.)

*David B. Hill* for intervening taxpayers. The assessment of the special franchise herein must be deemed to have been made by the state board. (*Stuart* v. *Palmer*, 74 N. Y. 183; *Remsen* v. *Wheeler*, 105 N. Y. 573; *Matter of Trustees of Union College*, 129 N. Y. 309; *Lang* v. *Kiendl*, 27 Hun, 66; *Overing* v. *Foote*, 65 N. Y. 263; *Ireland* v. *City of Rochester*, 51 Barb. 430.) The provision requiring the assessment of special franchises to be made by the state board contemplates that it would finally be perfected at Albany, in the third judicial district. (Code Civ. Pro. § 605.)

*Ira A. Place* for respondent. The first question certified is, at this time, in this proceeding, an abstract question. (*Matter of Davies*, 168 N. Y. 89; *Grannan* v. *W. R. Assn.*, 153 N. Y. 40.) The petition was properly presented at a Special Term of the Supreme Court in the first judicial district. (*Green* v. *Gruber*, 26 La. Ann. 694; *Bratton* v. *Mitchell*, 1 W. & S. [Penn.] 310; *Hurford* v. *Omaha*, 4 Neb. 336; *San Luis Obispo* v. *Pettit*, 87 Cal. 499; *People* v. *Weaver*, 100 U. S. 539; *Curnen* v. *Mayor, etc.*, 79 N. Y. 511; *Lathers* v. *Keogh*, 109 N. Y. 583; *People ex rel.* v. *Supervisors*, 11 N. Y. 563; *Sanders* v. *Downs*, 141 N. Y.

28

434 People ex rel. N. Y. C. & H. R. R. Co. v. Priest. [Jan.,

Opinion of the Court, per Cullen, J.            [Vol. 169.

422; *People ex rel.* v. *Feitner,* 53 App. Div. 181; *Matter of Tilyou,* 57 App. Div. 101.)

Cullen, J.   The certiorari in this case was granted at a Special Term of the Supreme Court in the city and county of New York, the part of the relator's road assessed for special franchise being there situated, and was made returnable at a Special Term to be held in that county.   Thereupon the appellants moved to quash the writ on two grounds : *First,* that the writ could be allowed only at a Special Term or by a justice of the Supreme Court in the third judicial district; *second,* that the writ should have been made returnable in that district.   This motion was granted by the Special Term and the writ quashed.   On appeal the Appellate Division of the first department reversed the order of the Special Term and denied the appellants' motion.   The appeal to this court is taken by leave of the Appellate Division, which has certified to us three questions :

" *First.* Was the assessment of the relator's special franchise made by the board of taxes and assessments of the city of New York within the meaning of · the statute ?

" *Second.* Was the petition for the writ of certiorari herein properly presented to a justice of the Supreme Court in the first judicial district ?

" *Third.* Was said writ of certiorari properly made returnable to a Supreme Court held in and for the first judicial district ? "

As to the first ground of the motion we think that the petition was properly presented to, and the writ properly allowed by, the Special Term in the first department.   By section 42 of the Tax Law the state board of tax commissioners fixes and determines the value of every special franchise, subject to assessment and files with the clerk of the city or town in which the " said special franchise is assessed " a certified statement of the value so determined.   These valuations are entered by the local assessors in the proper column of the assessment roll.   By section 45 it is provided that an assess-

ment of a special franchise tax by the state board of tax commissioners may be reviewed in the manner prescribed by article 11 of that law, which is to apply so far as practicable in the same manner and with the same force and effect as if the assessment had been made by the local assessors. Article 11, which relates to determinations by local assessors, provides that the petition for the writ shall be presented to a justice or Special Term in the judicial district in which the assessment was made. The terms " assess " and " assessment " are used in the statute in different senses. The accurate meaning of the word " assessment " doubtless is the determination of the liability of the property to taxation and its valuation for that purpose. But the term " assess " is also used as meaning to impose a tax. Thus where it is directed in section 11 that " the real estate of all incorporated companies * * * shall be assessed in the tax district in which the same shall lie," etc., it is evidently intended that such real estate shall not only be assessed but be taxed in that district. When it is provided that the valuation of the special franchise shall be certified to the town in which " the special franchise is assessed," it must necessarily mean the town in which the franchise is taxed. While either construction of the statute is reasonable, we think the preferable interpretation is that the application for a writ of certiorari shall be made in the district where the tax is levied and the property situated. We do not, however, regard the statutory direction as jurisdictional. There is but one Supreme Court in the state and the jurisdiction of its justices is coextensive with the state. A justice of the Supreme Court or the Special Term may refuse to entertain an application made in other than the proper district, but if the application is entertained and the writ allowed it is as effectual as if granted in the district in which the property was taxed.

The writ should have been made returnable in the third judicial district. When the statute provides that " an assessment of a special franchise by the State Board of Tax Commissioners may be reviewed," the word assessment is plainly

used in its accurate sense as referring to the judicial or quasi judicial determination by which the liability of the property to taxation and its valuation are established. It is to review only such a determination that certiorari lies. The action of the local assessors in placing the assessed valuation on the tax rolls is merely ministerial. This construction is in harmony with section 2132 of the Code of Civil Procedure, which requires that a writ of certiorari shall be made returnable in the county "wherein the determination to be reviewed was made," and provides that if the county designated is not the proper one, the court may amend the writ accordingly. By section 44 of the Tax Law the state board is required to hear and determine, at its office in the city of Albany, any complaints that may be made against the franchise assessments. It is this final action of the board that results in the determination which is to be reviewed by the writ, and that determination must, therefore, be deemed in law to be made in the county of Albany. It may be urged that we are giving different constructions to the same expression, "where the assessment complained of was made," as twice found in the same section of the statute. But it is to be remembered that the act of 1899, imposing a tax on special franchises and directing their assessment by the state board, does not expressly direct where the writ may be allowed or where it shall be made returnable. It prescribes that the provisions of article 11 shall apply only as far as practicable. This requires, not literal compliance with the provisions of the article, but conformity to its spirit.

The writ, however, should not have been quashed on this ground, but should have been amended as the Code directs. Before the sittings of the Supreme Court were divided among eight judicial districts by the Constitution of 1846, the question here presented could not have arisen. From that time until the enactment of the present Code of Civil Procedure there was no statutory provision on the subject of where or to what branch of the court a writ of certiorari should be made returnable. The practice seems to have been in great confu-

sion and doubt. (See *People ex rel. Caldwell* v. *Kelly*, 35 Barb. 444.) In that case, though the court thought that properly the writ should have been made returnable in another district, it nevertheless denied a motion to quash. The section of the Code cited has not only settled the practice, but also prescribed the remedy for improper practice, to wit, an amendment of the writ.

It is not necessary to answer the first question certified to us, nor under the views we have expressed could we give it a categorical answer. The second question we answer in the affirmative and the third in the negative.

The order of the Appellate Division should be modified so as to direct that the writ be amended and made returnable at a Special Term in the county of Albany, and, as modified, affirmed, without costs to either party.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT and WERNER, JJ., concur; GRAY, J., not sitting.

Ordered accordingly.