The People of the State of New York ex rel. Peter Arnold, Respondent, *v.* Frederick Skene, as State Engineer and Surveyor, Appellant.

**Alternative writ of mandamus — preliminary objection thereto — issue on alternative writ — place of trial thereof.**

A preliminary objection to an application for a writ of mandamus that "the motion was not made in the proper county and that the court was without jurisdiction to grant the writ" was properly overruled. Such an objection, being based solely on the ground of want of jurisdiction to proceed, is not tenable.

In determining where an issue on an alternative writ of mandamus should be tried, when the affidavit fails to disclose where the "material facts" arose, legal inferences cannot be substituted for facts, under section 2084 of the Code of Civil Procedure.

*People ex rel. Arnold* v. *Skene,* 128 App. Div. 883, affirmed.

(Argued January 6, 1909; decided January 26, 1909.)

1909.]          People ex rel. Arnold v. Skene.          187

N. Y. Rep.]                 Opinion *Per Curiam.*

Appeal from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 9, 1908, which affirmed an order of Special Term granting a motion for a peremptory writ of mandamus to compel the defendant to reinstate the relator in the position of laborer on the barge canal.

The facts, so far as material, are stated in the opinion.

*William S. Jackson, Attorney-General (D. E. Brong* and *A. C. Olp* of counsel), for appellant. This motion can only be made in the third judicial district. (Code Civ. Pro. §§ 2068, 2084; *Mason* v. *Willers*, 7 Hun, 23; *People* v. *Myers*, 50 Hun, 479; *People ex rel. Shook* v. *Kilburn*, 28 Misc. Rep. 679; *People ex rel. Cagger* v. *Supervisors*, 2 Abb. [N. S.] 78.)

*Milton J. Whedon* for respondent. Application should be made in the county where the material facts are alleged to have occurred. (Code Civ. Pro. §§ 2068, 2084; *People ex rel. Davenport* v. *Rice*, 68 Hun, 24.)

*Per Curiam.* The only question raised by this appeal relates to the venue of the proceeding. Upon an affidavit of the relator an order to show cause why a peremptory writ of mandamus should not issue was granted by a justice of the Supreme Court, returnable at a Trial Term to be held in and for the county of Orleans at the court house in the village of Albion. Upon the return of this order, a deputy attorney-general appeared specially for the state engineer " and made a preliminary objection that the motion for a writ of mandamus was not made in the proper county and that the court was without jurisdiction to grant the writ." This preliminary objection was overruled and the court proceeded to hear and grant the application.

Section 2068 of the Code of Civil Procedure provides that, except where special provision is otherwise made, a writ of mandamus can be granted only at a Special Term of the Supreme Court held within the judicial district embracing the county wherein an issue of fact joined upon an alternative writ of mandamus is triable. Section 2084 provides that

an issue of fact joined upon an alternative writ granted at a Special Term is triable in the county wherein it is alleged in the writ that the material facts took place "unless the court directs it to be tried elsewhere."

To ascertain what was the proper place of hearing in the present proceeding it was necessary to refer to the affidavit upon which the order to show cause was granted, inasmuch as if there had been an alternative writ it would doubtless have followed the affidavit in alleging the facts upon which the application was based. An examination of the affidavit, however, fails to disclose where the material facts actually occurred. There is a statement that the relator was appointed a laborer on the barge canal at Medina, New York, by Frederick Skene, state engineer and surveyor of this state; but where the appointment was made is not expressly stated. The affidavit further sets forth that since said appointment the deponent has occupied the office of laborer on the barge canal and discharged his duties until he was summarily and unlawfully removed by the division engineer of the western division of the Erie canal; but where the removal was actually made is nowhere stated. The learned counsel for the appellant argues that it must be assumed as matter of law that the appointment and removal both took place in the county of Albany where the state engineer has his office; but this argument substitutes legal inferences for the "material facts" referred to in section 2084 of the Code of Civil Procedure.

Without deciding where the venue should have been laid in this proceeding, it is enough to say that the objection that the motion for the writ of mandamus was not made in the proper county was not an objection going to the jurisdiction of the court, and as the objection was based solely on the ground of want of jurisdiction to proceed, it was properly overruled. If the deputy attorney-general had any reasons for desiring that a hearing should be had in some other county than Orleans, he should have presented those reasons to the court and asked that the proceeding be transferred to such other county. In the absence of a request of this character the action of the

court in overruling the objection to the jurisdiction was to be deemed equivalent to a direction that the issue should be tried in Orleans county. This direction it was authorized to make under section 2084 of the Code of Civil Procedure.

The order should be affirmed, with costs.

Cullen, Ch. J., Edward T. Bartlett, Vann, Werner, Willard Bartlett, Hiscock and Chase, JJ., concur.

Order affirmed.