In the Matter of the Application of ROSE ROSENBERG, Petitioner, for a Final Order against THE BOARD OF ESTIMATE OF THE CITY OF NEW YORK and Others, Respondents.

Supreme Court, Kings County, August 19, 1938.

*Lotterman & Tepper*, for the petitioner.

*William C. Chanler, Corporation Counsel*, for the respondents.

HOOLEY, J. Motion to dismiss proceeding on the ground that it should have been instituted in New York county under section 1287 of the Civil Practice Act and not in Kings county.

The proceeding is brought under sections 1283 *et seq.* of article 78 of the Civil Practice Act. The petitioner seeks an order directing the board of estimate, the New York city employees' retirement

system and the medical board of the retirement system to vacate and annul a determination arrived at by the medical board recommending that the petitioner be retired for ordinary disability and rejecting the petitioner's claim for accident disability retirement. The petitioner, a patrolwoman in the police department of the city of New York, was injured in 1924 in Brooklyn through chiropractic treatments received by her in the course of her investigation of one Lillian Edwards, who was suspected of engaging in the unlawful and illegal practice of medicine. It is claimed that these treatments caused her present disability.

Section 1287 of the Civil Practice Act, in so far as applicable herein, is as follows:

" § 1287. Where proceeding to be brought. The petitioner shall apply for relief at a Special Term of the Supreme Court held within the judicial district embracing the county wherein the respondent made the determination complained of or refused to perform the duty specifically enjoined upon him by law, or wherein the proceedings are brought or taken in the course of which the matter sought to be restrained originated, as the case may be, or wherein it is alleged in the petition that the material facts otherwise took place."

The corporation counsel contends that the proceeding is predicated upon the alleged arbitrary and illegal determination of the medical board of the New York city employees' retirement system, and points to the facts that the police commissioner's application for ordinary disability retirement for the petitioner and the petitioner's own application for accident disability retirement were filed at the office of the New York city employees' retirement system in the borough of Manhattan, New York city; that the hearing took place in New York county and that the deliberations and determination of the medical board occurred in New York county and that New York county is, therefore, the place where the respondents " made the determination complained of or refused to perform the duty specifically enjoined  *  *  *  by law." It is his contention, therefore, that the proceeding should have been commenced in New York county, and must be dismissed.

The petitioner concedes that the proceeding could have been brought in New York county. However, she points out that she has the right to bring the proceeding in Kings county, where she claims that each and every material fact relating to the question of disability occurred in view of the following language of section 1287 aforesaid: " or wherein it is alleged in the petition that the material facts otherwise took place."

With the latter contention the court concurs. If the clause aforesaid does not mean what the petitioner claims it does then it

is entirely meaningless. Petitioner's contention is borne out by a reference to old section 1334 of the Civil Practice Act, which provided that the place of trial of an issue of fact in a proceeding of this character was the county " wherein it is alleged in the [petition] that the material facts took place." The case of *Matter of Moore* v. *Craig* (205 App. Div. 897), decided under that section, is in point with the case at bar. In that case the petitioner sought to be reinstated as a deputy receiver of taxes for the borough of Queens. Charges had been brought against the petitioner for failure to report an investigation made by the Queens county grand jury of the conduct of the Queens office of the receiver of taxes. As a result of these charges the petitioner was dismissed by the comptroller of the city of New York and the receiver of taxes of the city of New York. The petitioner moved in Queens county for an order of mandamus directing his reinstatement. The respondents thereupon made a motion for a change of venue on the ground that the proper county for the trial was New York county because the respondents resided and had their official offices in New York county. They also claimed that the cause of action was the wrongful removal of the petitioner from the office of deputy receiver of taxes, and that the cause of action arose in New York county because the order was issued by the comptroller and the receiver of taxes in New York county and all the facts were considered by those officials in New York county. The court said: " An undisputed fact in this case is that of the removal of the relator. That occurred in New York county, but no issue can possibly be presented on that point. In our opinion, ' the material facts,' as alleged in the petition, ' took place,' within the meaning of section 1334 of the Civil Practice Act, in the county of Queens. That was the county of the relator's office and in said office the alleged dereliction of failing to inform the relator's superior officer of the claimed or so-called investigation by the grand jury is said to have occurred. We, therefore, think the order refusing to change the place of hearing of the motion from Queens county to New York county was correct."

When section 1287 was enacted as part of article 78 (in effect September 1, 1937) it carried the above provision with it, but it also established two additional alternatives: (1) The petitioner could also apply for relief at a Special Term of the Supreme Court within the judicial district embracing the county where the respondent made the determination complained of or refused to perform the duty specifically enjoined upon him by law, or (2) wherein the proceedings are brought or taken in the course of which the matter sought to be restrained originated, as the case may be.

There is nothing in the language of section 1287 to indicate that any of the three alternatives has any priority over the others. It is apparent, therefore, that the enactment of section 1287 does not change the effect of the decision in the *Moore* case (*supra*), and that the proceeding herein has been instituted in the proper county.

The corporation counsel has submitted several memoranda decisions wherein it appears that proceedings were dismissed or transferred on jurisdictional grounds. A reading of the decisions does not indicate the ground of the claimed lack of jurisdiction in each case. However, in the event that the question involved herein was the question involved in any or all of such decisions then this court cannot concur in the conclusions reached in the absence of reasons in the decisions for such conclusions.

The motion to dismiss the proceeding is denied. This makes unnecessary any consideration of the cross-motion for an order retaining the proceedings in Kings county.