In the Matter of the Application of Arthur J. Goodwin, Petitioner, Appellant, for an Order Pursuant to Article 78 of the Civil Practice Act against Mark Graves, as Commissioner of Taxation and Finance of the State of New York, Respondent, Reviewing the Determination of the Respondent in Dismissing Petitioner from the Department of Taxation and Finance of the State of New York, and Directing that Petitioner Be Forthwith Reinstated.

Fourth Department, November 19, 1941.

*Stone, Marvin & Hand* [*Raymond M. Bush* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Bernard L. Alderman* and *Patrick H. Clune, Assistant Attorneys-General,* of counsel], for the respondent.

DOWLING, J.   Arthur J. Goodwin presented to a Special Term of the Supreme Court, Onondaga County, a petition for an order, under article 78 of the Civil Practice Act, to review the determination of the respondent Graves dismissing him from the position which he held in the Department of Taxation and Finance of the State of New York and directing that the proceeding be transferred to a term of the Fourth Department for determination pursuant to section 1296 of the Civil Practice Act.   On the return day the respondent Graves, without having interposed an answer, moved " for a change of venue " from Onondaga county to Albany county, " which is the proper county within which to bring such proceeding."   In support of his motion Graves alleged that the determination of the respondent which is sought to be reviewed took place in the city of Albany, where the principal office of the Department of Taxation and Finance is located and where the books and records of that department are kept.   Goodwin opposed the motion to change the venue " on the ground that the hearings in reference to petitioner herein were conducted in the City of Syracuse, New York, and that the proceedings were instituted by the respondent against the petitioner in the City of Syracuse, New York, and also upon the ground that the material facts alleged in the petition took place within the County of Onondaga and within the County of Cayuga   *   *   * " and that the respondent " made the determination within the County of Onondaga   *   *   *." After hearing the parties, the Special Term made an order changing the venue to Albany county and transferring the proceedings to a Special Term to be held in Albany county and extending the respondent's time to answer.   From that order Goodwin has appealed.

At the threshold the respondent asserts that the order appealed from is merely an intermediate order and no appeal lies therefrom unless the court so directs under section 1304 of the Civil Practice Act.   The court has made no such direction.

An order which affects a substantial right is appealable. (Civ. Prac. Act, § 631.) In a case provided by law an aggrieved party has the right to appeal. (Civ. Prac. Act, § 557, subd. 1; *Matter of Hurley* v. *National Bank of Middletown,* 252 App. Div. 272, 273.) We think the order in question affects a substantial right of the petitioner and that he is an aggrieved party and that the order is appealable as of right without first procuring the direction of the court under section 1304 of the Civil Practice Act. This is not one of the intermediate orders referred to in that section. (*Fox* v. *Matthiessen,* 155 N. Y. 177, 179.) We think section 1304 relates to intermediate orders made in proceedings which may be disposed of in the Special Term under section 1295 of the Civil Practice Act and that that section has no relation to proceedings which are sent directly to the Appellate Division for determination under section 1296 of the Civil Practice Act. While the petition is not before us, we assume, from the affidavits read on the motion, that the petitioner, in asking that the·matter be transferred to the Appellate Division for determination, is seeking to review the facts under subdivisions 6 and 7 of section 1296 of the Civil Practice Act. The paragraph following subdivision 7 provides in part: " Where one of the other two issues is raised, the court shall make an order directing that the proceedings be transferred for disposition to a term of the Appellate Division held within the judicial department embracing the county in which the proceeding is instituted." Where determination only is sought under subdivisions 6 and 7 the Special Term must transfer the proceeding to the Appellate Division of the department embracing the county in which the proceeding was instituted. This direction appears to be mandatory. We think the power of the Special Term, under section 1295 of the Civil Practice Act, to change the place of trial is limited to instances where triable issues are raised by answer upon the hearing of the application. In the instant proceeding no triable issues have been raised and no trial of issues has been sought and no trial of issues is required. A trial of the charges has been had and the petitioner is merely seeking a determination as to whether there was either any competent proof of all the facts necessary to be proved in order to authorize the making of the determination (subd. 6), or, if there was such proof, whether, upon all the evidence, there was such a preponderance of proof against the existence of any of those facts, that the verdict of a jury, affirming the existence thereof, rendered in an action in the Supreme Court triable by a jury, would be set aside by the court as against the weight of evidence (subd. 7). If the underlying events occurred in Onondaga county as claimed by the appellant, the proceeding

was properly instituted in that county. (Civ. Prac. Act, § 1287; *Matter of Daley* v. *Board of Estimate of City of New York*, 258 App. Div. 165, 166.)

Moreover, we think that the action of the Special Term was premature. No answer raising issues for disposition by the Special Term has been interposed. Until such an answer has been served the Special Term was without power to entertain the application to change the place of trial.

The order should be reversed and the motion should be denied and the matter should be remitted to the Special Term, Onondaga County, for appropriate disposition.

All concur. Present — CROSBY, P. J., TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Order reversed, without costs of this appeal to any party, and motion denied, without costs, and matter remitted to the Special Term, Onondaga County, for appropriate disposition.