In the Matter of ROCHESTER CO-OPERATIVE MILK PRODUCERS BARGAINING AGENCY, INC., et al., Individually and in Behalf of All Other Co-operative Associations and Milk Producers Similarly Situated, Petitioners, against C. CHESTER DU MOND, as Commissioner of Agriculture and Markets of the State of New York, et al., Respondents.

Supreme Court, Special Term, Monroe County, July 31, 1945.

*T. Carl Nixon, Raymond F. Allen* and *Hampton H. Halsey* for petitioners.

*Robert G. Blabey* and *Donald L. Brush* for C. Chester Du Mond, as Commissioner of Agriculture and Markets, respondent.

*Merritt A. Switzer* for New York State Guernsey Breeders Co-operative, Inc., respondent.

WHEELER, J. This is a proceeding in the nature of certiorari under section 1283 *et seq.* of article 78 of the Civil Practice Act, to review the determination and order dated May 10, 1945, made by the respondent C. Chester Du Mond, as Commissioner of Agriculture and Markets of the State of New York, by which he fixed a differential to be paid in favor of Guernsey milk sold as such by the respondent New York State Guernsey Breeders Co-operative, Inc.

The petition and answer specifically present the issues of whether there was any competent proof of the facts necessary to be proved in order to authorize the making of the order, and whether the determination so made was contrary to the

weight of evidence. Under such circumstances it becomes the mandatory duty of the Special Term to transfer the proceeding to the Appellate Division held within the judicial department embracing the county in which the proceeding is instituted. (Civ. Prac. Act, § 1296; *Matter of Goodwin* v. *Graves,* 262 App. Div. 691, 693.)

However, the respondent Guernsey Breeders Co-operative, Inc., is opposing the motion to transfer the proceeding to the Appellate Division, Fourth Department, upon the ground that this court is without jurisdiction or proper venue, and has requested the court to dismiss the proceeding or to transfer it to the Appellate Division, Third Department. It is to be noted that the respondent Commissioner of Agriculture has not interposed any such objections.

The question involved is not one of jurisdiction (*People ex rel. Arnold* v. *Skene,* 194 N. Y. 186) but rather one of venue as provided by section 1287 of the Civil Practice Act. This section apparently provides two alternative places where an application in the nature of certiorari may be made: (1) within the judicial district embracing the county wherein the determination was made, or (2) wherein " it is alleged in the petition that the material facts otherwise took place ".

Under this second alternative, the commencement of the proceeding may be in the county wherein occurred the underlying events which gave rise to the official act complained of, notwithstanding the fact that the actual determination was made in a county of another judicial district. (*Matter of Daley* v. *Bd. of Estimate of City of N. Y.,* 258 App. Div. 165; *Matter of Goodwin* v. *Graves,* 262 App. Div. 691, *supra,* affd. 288 N. Y. 673; *Matter of Gardiner* v. *Harnett,* 168 Misc. 349, affd. 255 App. Div. 106; *Matter of Rosenberg* v. *Bd. of Estimate of City of N. Y.,* 170 Misc. 359; *Gargone* v. *Board of Education,* 259 App. Div. 892.) In *Goodwin* v. *Graves* (*supra,* pp. 693–694) the Fourth Department specifically stated: " If the underlying events occurred in Onondaga County as claimed by the appellant, the proceeding was properly instituted in that county."

Respondent's position that all such proceedings under article 78 to review the determination or order of a State officer made in the county of Albany, must be brought in the Third Judicial District, is not tenable. Any prior existing doubt as to the legislative intent that such a proceeding may be brought outside the district where the determination was made seems to have been entirely dissipated by the amendment of section 1287 by chapter 420 of the Laws of 1938. This amendment expressly

requires, in a petition directed against the Regents of the University of the State of New York, that the application shall be made in the Third Judicial District.

The conclusion is reached that the instant proceeding is properly commenced in Monroe County, inasmuch as the petitioners allege that the material facts, set forth in detail in paragraph 12 of the petition, took place in that county.

A further jurisdictional objection is interposed by the respondent, Guernsey Breeders Co-operative upon the theory that the Appellate Division, Third Department, continues to have jurisdiction over the commissioner's order of May 10, 1945. It appears that the commissioner made the order in question in purported obedience to a decision of the Appellate Division, Third Department (*Matter of N. Y. State Guernsey Br. Co-op.* v. *Noyes,* 266 App. Div. 462), which decision annulled the prior order of former Commissioner Noyes, and remitted the matter to the present commissioner for further action. The difficulty with this contention lies in the fact that the present proceeding is to review the determination of the commissioner and not the order of the Appellate Division, Third Department. The former proceeding has been terminated, the court having rendered its decision therein and the commissioner having proceeded in accordance with the supposed command of the court, and therefore it follows that jurisdiction is not retained by that court. Furthermore, these petitioners were not parties to the earlier proceeding in the Third Department and are not bound by the decision therein, notwithstanding the fact that the petitioner Bargaining Agency was permitted to file a brief as *amicus curiæ.* (*Stryker* v. *Goodnow,* 123 U. S. 527; *Fish* v. *Vanderlip,* 218 N. Y. 29; *Goldfarb* v. *C. & K. Purchasing Corp.,* 170 Misc. 90.) This court is aware of no method by which the order of May 10th can be reviewed except by a proceeding *de novo* under article 78 such as the petitioners herein have taken.

Neither does the fact that another companion proceeding under article 78 has been brought in Erie County to review the commissioner's determination and order of May 10th so far as it relates to the Niagara Frontier Milk Marketing Area, nor that an action has been brought by one Wooster individually for declaratory judgment against the commissioner challenging the validity of the order, and is pending in another county, preclude these petitioners from maintaining this proceeding so far as it affects the Rochester area.

For the reasons herein stated, it is hereby held and determined: (1) that this court has jurisdiction of this proceeding, (2) that it has properly been commenced in Monroe County and (3) that the proceeding should be transferred to the Appellate Division, Fourth Department, for disposition.

Submit order accordingly.