In the Matter of AVON DAIRIES, INC., Respondent, against C. CHESTER DU MOND, as Commissioner of Agriculture and Markets of the State of New York, Appellant.

Fourth Department, March 19, 1952.

*Donald L. Brush, Counsel to Department of Agriculture and Markets of the State of New York (William F. Sheehan and Robert G. Blabey of counsel), for appellant.*

*Joseph W. Martin,* for respondent.

WHEELER, J. Respondent-appellant DuMond, as Commissioner of Agriculture and Markets in the State of New York, appeals from an order of the Monroe County Special Term denying his objections to the jurisdiction of that court to hear the petition of the petitioner-respondent to review, under article 78 of the Civil Practice Act, a determination of the commissioner. The merits of the proceeding are not in issue, as the appearance by the respondent commissioner, pursuant to his notice of motion, was " specially   *   *   *   and for no other purpose except to raise the objection in point of law that this court is without jurisdiction of the person of the respondent, the Commissioner of Agriculture and Markets and without jurisdiction of the subject matter as set forth in the proposed petition ".

The application of petitioner-respondent for a 1951 milk dealer's license has been denied by the respondent-appellant. As authorized by section 258-d of the Agriculture and Markets Law the petitioner instituted this proceeding under article 78 of the Civil Practice Act, to review the determination of the commissioner. The proceeding was instituted by an order to show cause returnable in Monroe County, where the petitioner has its principal office and where arose the material facts upon which the commissioner made the determination and order sought to be reviewed.

The commissioner's objection to the jurisdiction of the Supreme Court sitting in Monroe County, Seventh Judicial District, is founded upon his interpretation of section 1287 of the Civil Practice Act, which, it is urged, by its requirement that the application for review be made to a Special Term of the Supreme Court in the Third Judicial District, leaves the Special Term of the Seventh Judicial District without jurisdiction of either the person or the subject matter.

The pertinent portion of section 1287 of the Civil Practice Act, the sole ground upon which the motion to dismiss rests, provides: " § 1287. *Where proceeding to be brought.* * * * If the petition be directed against the regents of the university of the state of New York, the commissioner of education, * * * the department of agriculture and markets or the water power and control commission, the application shall be made to a special term of the supreme court in the third judicial district."

The Special Term in correctly holding that it had jurisdiction and in declining to dismiss the proceeding, based its decision upon the fact that the Legislature by designating the " Department of Agriculture and Markets " did not contemplate the inclusion therein of the " Commissioner of Agriculture and Markets."

With that view, we cannot agree. Such a narrow construction would render the provision completely ineffectual, if not meaningless, as regards the Department of Agriculture and Markets. The only powers delegated to the " department " are " through the commissioner." (Agriculture and Markets Law, §§ 16, 254.) Conversely, the source of authority for any of the acts performed by the commissioner rests in the powers delegated to the " department." One does not have duties or powers separate or distinct from the other; for all practical purposes they are one. The contention of the petitioner that the commissioner should be considered distinct from the department is without merit.

The motion raises the age-old and not unfamiliar question as to the distinction between jurisdiction and venue. There is no question but that the statute provides, in proceedings involving certain officers or bodies, a directory venue upon which the respondent body or officer might insist upon a proper plea. However, this is a far cry from a denial of jurisdiction of the

Supreme Court in certain judicial districts over the person of an officer or administrative body whose powers are State-wide.

We are of the opinion that the subject section (entitled "Where proceeding to be brought"), rather than presuming to oust the Supreme Court of any judicial district from its power to review under article 78 of the Civil Practice Act, was intended to refer only to venue. The provisions of the statute, while mandatory as regards venue, do not go to the jurisdiction of the court. (*People ex rel. Arnold* v. *Skene,* 194 N. Y. 186; *People ex rel. New York Central & Hudson R. R. R. Co.* v. *Priest,* 169 N. Y. 432.) In the latter case (p. 435) the court in construing a statute which provided that an application for a writ of certiorari should be made in the district where the tax is levied, stated: "We do not, however, regard the statutory direction as jurisdictional. There is but one Supreme Court in the state and the jurisdiction of its justices is coextensive with the state." In fact, if we were to interpret section 1287 as being jurisdictional, and, therefore, a curtailment of the general jurisdiction of the Supreme Court, a grave constitutional question might result. (N. Y. Const., art. VI, § 1.) The Legislature is without power to limit or qualify the jurisdiction of the Supreme Court. (*Schieffelin* v. *Komfort,* 86 Misc. 678; *Mussen* v. *Ausable Granite Works,* 63 Hun 367.)

There is apparently no reason why the respondent body or officer singled out by section 1287 for special protection could not elect to waive any rights available under the statute to demand a change of venue to the third judicial district, nor do we feel the statute intends otherwise. Therein lies the distinction between jurisdiction and venue; the former cannot be conferred by waiver or agreement, while the latter may be granted by the consent or acquiescence of the parties.

We are not unmindful that the right of review in these proceedings exists solely by virtue of the statute and that the right is available only within the terms of the statute. Prior to the amendments which set apart certain bodies or officers under the disputed clause of section 1287, the Supreme Court in any judicial district might, certain circumstances being present, entertain a petition for review; the section provided alternative places where an application of this nature might be made. (*Matter of Goodwin* v. *Graves,* 262 App. Div. 691; *Matter of Daly* v. *Board of Estimate of City of New York,* 258 App. Div. 165; *Matter of Rochester Co-op. Milk Producers Bargaining*

*Agency* v. *Du Mond,* 185 Misc. 522.) The subject section has also now been amended to provide that the Special Term at which the application is made may, in the exercise of its discretion, transfer the proceeding to the county wherein the principal office of the respondent is located.

The latest amendment to section 1287, adding the Department of Agriculture and Markets to those bodies and officers enumerated in the last sentence thereof, does not, however, appear to us to change the law as regards jurisdiction, but merely removes any discretion which might have heretofore been exercised by the Special Term in regard to an objection of improper venue.

While for all practical purposes the disputed clause of the statute limits the geographical area in which an application for review in certain instances should be made, the narrow question here is one of jurisdiction. We are precluded by the commissioner's appearance '' specially * * * and for no other purpose except to raise the objection in point of law that this court is without jurisdiction '' from considering the application as one for change of venue to the third judicial district.

We have considered *Matter of Queens–Nassau Tr. Lines* v. *Maltbie* (183 Misc. 924, affd. without opinion 269 App. Div. 680, affd. without opinion 294 N. Y. 887). In that case, there was no special appearance challenging the jurisdiction of the court and it is apparent that the Special Term made no attempt to distinguish between jurisdiction and venue, having stated in its opinion (p. 934) '' The petition is dismissed * * * without prejudice to bringing the proceedings in the proper *venue*.''

In *Matter of Rochester Co-op. Milk Producers Bargaining Agency* v. *Du Mond* (*supra*) (cited in the dissenting opinion), the Commissioner of Agriculture did not interpose objections, but another respondent (Guernsey Breeders Co-op., Inc.) having appeared generally, requested the court to dismiss the proceeding on the ground that Special Term sitting in Monroe County was without jurisdiction or proper *venue*. The court, in refusing to dismiss, stated (p. 524) '' The question involved is not one of jurisdiction * * * but rather one of venue * * *.'' On appeal, the Appellate Division (271 App. Div. 769) transferred the proceeding to the Appellate Division Third Department for hearing and determination.

The distinction between jurisdiction and venue is not without a difference, and we firmly believe the distinction should be maintained. This is not mere pedantic insistence upon form;

the distinction, while often subtle, is more often than not substantial, particularly when viewed in the light of the sometimes drastic results when, as here, there is a limitation of time involved.

The order appealed from should be affirmed but not upon the grounds set forth by the Special Term, with leave to respondent below to make proper application for a change of venue, if so advised.

VAUGHAN, J. (dissenting). This is a proceeding under article 78 of the Civil Practice Act to review a determination of C. Chester Du Mond, Commissioner of Agriculture and Markets of the State of New York, which denied the application of petitioner for a milk dealer's license for the year ending March 31, 1952. Right of review is given by section 258-d of the Agriculture and Markets Law (as amd. by L. 1951, ch. 684). The proceeding to review was instituted by an order to show cause returnable at Special Term (Monroe County), together with a petition as required by article 78 of the Civil Practice Act, seeking annulment of the determination, and for an order directing respondent to issue a milk dealer's license for the license year ending March 31, 1952. On the return day of the order to show cause, respondent appeared specially and raised the preliminary objection that the exclusive jurisdiction in the proceeding is vested in the Supreme Court in the Third Judicial District. The Monroe Special Term (BLAUVELT, J.) held that the Monroe County Special Term had jurisdiction and denied respondent's motion to dismiss the petition with leave to serve an answer to the petition within ten days. It is from this order of the Special Term that this appeal comes to us.

Petitioner takes the position that the issue raised by respondent's motion to dismiss is not one of jurisdiction but one of venue and urges that section 1287 of the Civil Practice Act specifically authorizes the proceeding to review under article 78 of the Civil Practice Act to be brought in the Supreme Court within the judicial district where the material facts took place and that therefore the same was properly returned in Monroe County since the material facts giving rise to the determination sought to be reviewed occurred in the seventh judicial district. I take it from petitioner's brief that petitioner recognizes that if the petition had been directed against the " Department of Agriculture and Markets " rather than against the respondent, the Commissioner of Agriculture, the present proceeding would

have to be instituted in the third judicial district. Petitioner's contention that the commissioner should be considered distinct from the department is without merit.

Section 1287 of the Civil Practice Act, as it read prior to 1951, provided in part that proceedings to review may be brought in the judicial district (1) embracing the county where the respondent made the determination complained of; (2) or refused to perform the duty specifically enjoined upon him by law; (3) or wherein the proceedings are brought or taken in the course of which the matter sought to be restrained originated, as the case may be; (4) or wherein it is alleged in the petition that the material facts otherwise took place. The section was amended by chapter 593 of the Laws of 1951, by adding thereto: " or wherein the principal office of the respondent is located." Also added by the same chapter was the following: " The special term at which relief is applied for may, in the exercise of its discretion, transfer the proceeding to the county wherein the principal office of the respondent is located."

Prior to the amendment of 1951 there was no provision in the statute for a change of venue in a proceeding brought under article 78. Rules 146 and 147 of the Rules of Civil Practice apply only to " actions " and not to a proceeding brought under article 78.

If the proceeding is brought in the wrong district, the court, as I view it, is required to dismiss the proceeding, although I realize that cases are to be found where respondent moved for change of venue or the parties agreed to a transfer of the proceeding to the proper district.

The discretion given the Special Term by this last amendment relates only to a case in which a proceeding is brought *properly* in a district other than where the office of the respondent is located and in that case, the Special Term is authorized in its discretion to transfer the proceeding to the county where the principal office of the respondent is located. The amendment has no applicability to that provision of the section which specifically requires tnat in the instances therein enumerated, application shall be made to the Special Term in the Third Judicial District.

Prior to 1950, section 1287 provided that " If the petition be directed against the regents of the university of the state of New York, the application shall be made to a special term of the supreme Court in the third judicial district."

The Commissioner of Education was added to that portion of the section above quoted in 1950 (L. 1950, ch. 234) so that thereafter applications involving petitions directed against the Commissioner of Education were required to be made to a Special Term in the Third Judicial District. The court, in *Matter of Rochester Co-op. Milk Producers Bargaining Agency* v. *Du Mond* (185 Misc. 522) recognized that applications under article 78 to review the determination or order of the Regents of the University of the State of New York must be made in the third judicial district. The court said (pp. 524–525): '' Respondent's position that all such proceedings under article 78 to review the determination or order of a State officer made in the county of Albany, must be brought in the Third Judicial District, is not tenable. Any prior existing doubt as to the legislative intent that such a proceeding may be brought outside the district where the determination was made seems to have been entirely dissipated by the amendment of section 1287 by chapter 420 of the Laws of 1938. *This amendment expressly requires, in a petition directed against the Regents of the University of the State of New York, that the application shall be made in the Third Judicial District.*'' (Emphasis supplied.)

The requirement that the proceeding be brought in the third judicial district by section 1287 of the Civil Practice Act in proceedings involving the Regents of the University of the State of New York and the Commissioner of Education, was extended by chapter 593 of the Laws of 1951 by the addition of the following: '' the state tax commission, the public service commission, the comptroller, *the department of agriculture and markets* or the water power and control commission ''. By the clear language of this amendment, a petition seeking a review of the determinations of any of the above-mentioned public bodies or officers must be made to a Special Term of the Supreme Court in the Third Judicial District. This right of review being conferred by statute, is available only within the terms of the statute. No constitutional right to review the determination of an administrative body existed at common law and none exists today except by statute.

In *Matter of Queens-Nassau Tr. Lines* v. *Maltbie* (183 Misc. 924, affd. 269 App. Div. 680, affd. 294 N. Y. 887) petitioner made application in New York County to prohibit the Public Service Commission from taking proceedings to fix petitioner's rates. Respondent moved to dismiss the petition upon the ground that exclusive jurisdiction in the proceeding is vested in the Supreme

Court, Albany County, claiming that the Supreme Court, New York County, has no jurisdiction ot the proceeding, i.e., that venue lies only in Albany County. The Special Term in granting the motion to dismiss upon the ground that it was not brought within the proper judicial district as required by section 1287 of the Civil Practice Act as it then existed, said (p. 929): '' Inasmuch as the order of May 11, 1944, directing an investigation of the petitioner's rates of fare was made in the city of Albany which is in the Third Judicial District, this proceeding must be brought in the Third Judicial District and the Supreme Court in the First Judicial District is without jurisdiction to entertain this application.''

Since that time, as above pointed out, section 1287 of the Civil Practice Act has been amended to provide that application for proceedings to review under article 78 of the Civil Practice Act when directed against the Public Service Commission shall be made to the Special Term in the Third Judicial District.

In this instance the proceeding to review was brought in violation of express statutory requirement. If there was a statutory provision for change of venue applicable to such a proceeding, the situation might be remedied by a change of venue. There being none, however, the remedy was by motion to dismiss.

Whether the defect is jurisdictional or one of venue is of little or no moment if it consists of a failure to comply with the statutory requirement that the application for review should be made to a Special Term of the Supreme Court in the Third Judicial District.

The order appealed from should be reversed and the petition dismissed.

All concur with WHEELER, J., except VAUGHAN, J., who dissents and votes for reversal and for granting defendant's motion to dismiss the petition in a separate opinion. Present — TAYLOR, P. J. McCURN, VAUGHAN, KIMBALL and WHEELER, JJ.

Order affirmed, with $50 costs and disbursements, with leave to respondent below to make proper application for a change of venue, if so advised.