In the Matter of ALBERT W. SCHNEIDER, as District Attorney of Herkimer County, Petitioner, against FELIX J. AULISI, Individually and as Justice of the Supreme Court, et al., Respondents.

Fourth Department, January 13, 1954.

*Albert W. Schneider, District Attorney,* petitioner in person.

*Harold E. Blodgett,* respondent in person and for John A. Nicoll and another, respondents.

*Per Curiam.* The respondents Nicoll and Fredericks were indicted by the Grand Jury of Herkimer County for the crime of manslaughter, first degree in four counts and assault in the third degree. By order of the Supreme Court the indictments were transferred to the County Court of Herkimer County for trial. The County Court fixed December 14, 1953, as the date for the trial to begin.

Upon application of said respondents the Honorable FELIX J. AULISI, a Justice of the Supreme Court of the fourth judicial district, issued a show cause order requiring the District Attorney of Herkimer County to show cause before him on the 12th day of December, 1953, why there should not be an inspection of the minutes of the Grand Jury and why said indictments should not be dismissed following the inspection and why the trial should not be stayed pending the determination of the order to show cause.

The District Attorney of Herkimer County appeared specially at the time and place of the return of the show cause order and moved to dismiss the order to show cause upon the ground that the court was without power or authority to issue the order to show cause and had no power or authority to order or direct the relief demanded, for the reason that the court was without jurisdiction, or would be acting in excess of its jurisdiction, in so doing. The said Justice overruled the objection as to jurisdiction, entertained the motion, and ordered that a copy of the minutes of the Grand Jury of the Supreme Court in Herkimer County upon which the indictments were found be furnished the court for its examination and that the trial upon said indictments appointed to be held in the Herkimer County Court on December 14, 1953, be stayed until the court should determine whether the said minutes should be furnished the defendants for inspection.

The District Attorney of Herkimer County thereupon made this application for an order of prohibition directed to the said Justice FELIX J. AULISI and directing said Justice and the other respondents to show cause why they should not refrain and desist from taking any further proceedings in connection with such order so made by the Justice. The ground urged as a basis of the application is that Justice AULISI, being a Supreme Court Justice, in the fourth judicial district, was without authority or jurisdiction to entertain the application relating to the minutes of the Grand Jury of Herkimer County, which county is in the fifth judicial district. Geographically, Montgomery County, where the motion was made returnable, adjoins Herkimer County.

Even though the indictments were transferred to the County Court for trial, the Supreme Court possesses jurisdiction to entertain a motion for the inspection of the Grand Jury minutes. (*People ex rel. Hirschberg* v. *Supreme Court,* 269 N. Y. 392.) "There is but one Supreme Court in the state and the jurisdiction of its justices is coextensive with the state." (*People ex rel. New York Central & H. R. R. R. Co.* v. *Priest,* 169 N. Y. 432, 435; *Matter of Avon Dairies* v. *Du Mond,* 280 App. Div. 116.) It was therefore within the jurisdiction of Justice AULISI to entertain the motion for the inspection of such minutes. The Code of Criminal Procedure contains no provision regulating the practice as to where or in what county such a motion may be made. It is obvious however that the orderly administration of justice requires that such motions should not be made or entertained in any county of the State without regard to the geographical location in relation to the county where the indictment is pending. In civil actions it is required that a motion must be made in the judicial district in which the action is triable or in a county adjoining the county in which the action is triable (Rules Civ. Prac., rule 63, subd. 1).

Likewise we think that it was not improper or unreasonable in the instant situation for the Justice to entertain this application relating to an indictment found in an adjoining county, even though it be in another judicial district. It was at most a matter calling for the discretion of the Justice, and in our view of it he did not abuse his discretion when he elected to entertain the application.

The Justice stayed the trial in the County Court of Herkimer County in order to enable him to inspect the Grand Jury minutes and to pass upon the application. Otherwise the application would have been of no avail. The power of the Supreme Court

to temporarily stay the action of the County Court in a proper case was recognized in *Matter of Lyons* v. *Ward* (272 App. Div. 120, affd. 297 N. Y. 617).

The application of the petitioner should be denied, without costs.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

Application of petitioner denied, without costs.