James A. Roe, Je., J.
This is a petition for an order of prohibition and restraint, pursuant to article 78 of the Civil Practice Act, against the County Court of the State of New York, County of Queens, its Judges, individually, and the District Attorney of the County of Queens, The District Attorney, appearing specially as attorney pro se, cross-moves to dismiss the petition on the ground that this court does not have jurisdiction of his person nor over the subject matter of this proceeding. The Attorney-G-eneral of the State of New York, appearing specially for the other respondents, also cross-moves to dismiss the petition on the same ground.
The petition is directed to an indictment, No. 1013/1959, pending in the said County Court, insofar as the same involves the petitioner as one of the defendants. The relief sought is to prohibit and restrain the aforesaid respondents 1 ‘ from taking any further steps, actions or proceedings in the prosecution of the aforesaid Indictment, or from seeking to enforce any orders based upon steps heretofore taken thereon, and prohibiting and restraining the respondents and each of them from taking any further steps ”, etc.
The petitioner claims to be entitled to the relief on the grounds of double jeopardy, res judicata, collateral estoppel, section 139 of the Code of Criminal Procedure, and section 33 of the Penal Law, and directs the attention of the court to his acquittal in the Bronx County Court and conviction in the United States Eastern District Court, on charges which form the grounds for his petition. However, the sole issue before the court at this time is one of jurisdiction. The respondents contend that sole original jurisdiction of this petition lies with the Appellate Division of the Supreme Court, Second Department. It appears that section 1287 of the Civil Practice Act is controlling herein.
Insofar as the same is pertinent herein, the said section provides: “ Where proceeding to be brought. If the petition be directed against * * * a judge of the county court * * * the application shall be made to the appellate division of the judicial department embracing the county wherein the action is triable or the proceeding is brought, in the course of which the matter sought to be enforced or restrained, as the case may be, originated * * * ”.
Decision of the matter herein is the appellate determination in Matter of Nolan v. Court of General Sessions (15 A D 2d 78, 79-80, affd. 11 N Y 2d 114) wherein the court stated: ‘ ‘ The order to show cause instituting this proceeding was made returnable at a Special Term of this court, and Special Term *359 rendered the order appealed from. This procedure was in error in that, pursuant to the provisions of the statute, the application herein for an order directed against the Court of General Sessions should have been made to the Appellate Division. (Civ. Prac. Act, § 1287.) ”
The court continues: “ The failure, however, of the parties to proceed as directed by statute is immaterial now, in that, by virtue of the appeal, the matter is now before this court and the parties have submitted the matter to it upon the merits. Under these circumstances, we may dispose of the proceeding as if it had been made returnable here in the first instance.”
In the case at bar, we do not have a situation where the proceeding has been brought in the wrong district of the proper court and is a defect of venue, as in Matter of Avon Dairies v. Du Mond (280 App. Div. 116) and cases of similar import. Before us, we have a situation where the petition is in the wrong court entirely, and in direct violation of the statutory requirement that the proceeding be brought in the Appellate Division of the judicial department, etc., and therefore clearly jurisdictional in defect. The cross motions are granted and the petition is dismissed.