Richard J. Cardamone, J.
An application under article 78 of the Civil Practice Act (now CPLR 7801 et seq.) has been made by the petitioners Town of Skaneateles, Town of Spaiford and the Village of Skaneateles, together with certain individual taxpayers residing within these municipalities, to set aside the actions of the respondent Board of Supervisors of Onondaga County, which included the above petitioners in the Onondaga County Water District.
The water district in question was established by the respondent Board of Supervisors pursuant to the provisions of article 5-A of the County Law (L. 1953, ch. 868, eft. April 20, 1953)* by its Resolution and Order No. 285, dated August 21,1962. The order was recorded in the office of the Clerk of Onondaga County on August 22,1962.
The matter was originally brought on to be heard at a Motion Term held in Onondaga County on March 18, 1963. It was adjourned to April 8, 1963, so that the pleadings could be completed. Cross motions for summary judgment were made on April 29,1963. Both motions were denied by a written decision dated May 20, 1963. Testimony was thereafter taken in Syracuse on June 13,14, 17 and 18. Briefs and the transcript of the record were received during July, 1963. Proposed findings of fact and conclusions of law were received on September 11, 1963, at which time motions were made to amend the pleadings in several substantial particulars. Further hearings were held in connection with the above motions in Herkimer County in September, 1963, and in Oneida County in October, 1963. Counsel stipulated and agreed upon certain amendments and the stipulated amendments were made part of the record on October 20, 1963. The remainder of the motions to amend the pleadings were thereafter withdrawn on October 31, 1963, the date on which this matter was finally submitted to this court.
Article 5-A of the County Law (§§ 250-275) details the manner in which the Board of Supervisors of any county may establish a county water district. Section 256 (as amd. by L. 1958, ch. 346) states that upon the evidence presented at a public hearing, the Board of Supervisors shall determine by resolution whether the proposed water works and other facilities are ‘ ‘ satisfactory and sufficient5 ’ * * * ‘6 adequate and appropriate ”; if so, the Board of Supervisors shall further determine by resolution: “ (a) whether all the property and property owners within the proposed district are ■ benefited thereby, (b) whether all of the property and property owners *304 benefited are included within the limits of the proposed district, (c) whether it is in the public interest to establish the district and (d) if said maps and plans and report recommended the establishment of zones of assessment and the allocation of the costs of the facilities as between such zones of assessment, whether such zones of assessment and the allocation of the costs of the facilities thereto represent as nearly as may be the proportionate amount of benefit which the .several lots and parcels of land situate in such zones will derive therefrom.” When the board shall determine all of the above referred to questions in the affirmative, the board may adopt a resolution approving the establishment of the water district, subject to permissive referendum (County Law, § 257). Application must be made to the Department of Audit and Control for permission to establish the district. The State Comptroller shall determine whether the public interest will be served by the creation of the district, and also whether the cost thereof will be an undue burden upon the property of the proposed district. If the State Comptroller grants permission, the Board of Supervisors may adopt an order establishing the district (§ 258).
All of the above proceedings were purportedly complied with by the respondent Board of Supervisors. The petitioners object to the affirmative determinations made by the Board of Supervisors on the questions stated in section 256 (els. [a], [b], [c], [d]). The petitioners further object on the ground that such affirmative determinations, as they apply to the petitioners are an error in law and violate a prior order of the Water Power and Control Commission (now Water Besources Commission).
The right to review these determinations in the manner provided in article 78 (now CPLB 7801 et seq.) of the Civil Practice Act is granted in section 260 of article 5-A.
In a proceeding under article 78 of the Civil Practice Law and Buies, questions involving the merits to be determined by Special Term upon the hearing are specifically limited to those set forth in subdivisions 1, 2 and 3 of section 7803. Issues raised under subdivision 4 of section 7803, are directed to be transferred for disposition to the Appellate Division. When the determination is sought under subdivision 4 of section 7803 (formerly Civ. Prac. Act, § 1296, subds. 4, 5, 5-a) provides mandatory (Matter of Goodwin v. Graves, 262 App. Div. 691 [4th Dept., 1941]; Matter of Rochester Co-op. etc. Agency v. Du Mond, 185 Misc. 522 [1945]). Subdivision 3 of section 7803 (formerly Civ. Prac. Act, § 1296, subds. 4, 5 and 5-a) provides in part that one of the questions raised in a proceeding under *305 this article is: “whether a determination * * * was affected by an error of law ”.
An issue raised under subdivision 3 of section 7803 shall be disposed of by the court in which the proceeding is commenced (CPLR 7804, subd. [g]). Subdivision (g) of the section further provides that where an issue specified in subdivision 4 of section 7803 is raised, “ the court [in which the action is commenced] may, however, itself pass on objections in point of law.”
This court determines that the petitioners’ objections based on issues raised under subdivision 4 of section 7803 to the actions taken by the respondent Board of Supervisors are insufficient as a matter of law.
The greater Syracuse area, including most of Onondaga County, has been one of the fastest growing communities in this part of the United States. This growth cannot be sustained without an adequate water supply. Faced with this lack, thirsty for more water, the community made a concerted, well-organized effort to solve this acute problem. The Board of Supervisors of Onondaga County created, pursuant to the provisions of article 5-A of the County Law, the Onondaga County Water District. The citizens of Onondaga County voted overwhelming approval of the district in a public referendum. The State Comptroller determined that the creation of the district was in the public interest. The creation of the Onondaga County Water District will not be set aside by this court.
Having passed upon these contentions of petitioners (CPLR 7804, subd. [g]), this court concludes that there is not a remaining issue raised which brings this proceeding under the provisions of subdivision 4 of section 7803 of the Civil Practice Law and Rules.
Notwithstanding this determination as to the validity of the respondents’ actions in creating the Onondaga County Water District, there remains for consideration the petitioners ’ contention that the respondents included them in the Onondaga County Water District under “ an error of law ” (CPLR 7803, subd. 3). This court will not disturb the decision of the respondents unless such inclusion clearly contravenes some mandate of the law of this State. A review of the record, pleadings and exhibits here, however, does reveal such an “ error of law ”.
“ The sovereign power to regulate and control the water resources of this state ever since its establishment has been and now is vested exclusively in the state of New York”. (Conservation Law, § 401.) The county is a political subdivision of the State, created as an agency to exercise such governmental *306 powers as may be entrusted to it. (N. Y. Const., art. IX, § 1.) The delegation of power here granted to the respondent Board of Supervisors to create a water district under article 5-A of the County Law contained an express limitation in section 274 which stated: “Nothing contained in this article shall be held to alter or abridge the powers and duties of * * * the water power and control commission over water supply matters. ’ ’
That commission, in a decision dated September 22, 1931 (Water Supply Application No. 609), later affirmed by the commission in a decision dated April 8,1958 (Water Supply Application No. 609-B) declared Skaneateles Lake the natural and proper source of supply for the communities and inhabitants thereof situated in the Skaneateles Water Basin. This decision further determined that inhabitants in the Skaneateles Drainage Basin have a superior right to the water of Skaneateles Lake and its tributaries. This decision of the Water Power and Control Commission was affirmed by the Court of Appeals. (Matter of City of Syracuse v. Gibbs, 283 N. Y. 275 [1940].) There is no dispute as to the fact, and this court finds, that the petitioning Towns of Spafford and Skaneateles and the Village of Skaneateles are located within the drainage basin of Skaneateles Lake.
The State has determined the prior and superior rights of petitioners in the waters of Skaneateles Lake and its tributaries. (Matter of City of Syracuse v. Gibbs, supra.) Under these circumstances, this court can conceive of no basis, as a matter of law, by which the respondent Board of Supervisors could have found “benefit” to petitioners mandated under clause (a) of section 256 of the County Law.
As a matter of first principles, the action of the respondents taken under authority delegated to them by the State with an express limitation that they “ shall [not] abridge the powers * * * of the water power and control commission over water supply matters ” clearly violates the express authority delegated to them. The Board of Supervisors of a county possess such powers as are conferred upon it by the State Legislature. (Wadsworth v. Board of Supervisors of Livingston County, 217 N. Y. 484 [1916].) Its prerogatives are restricted to that given by statute, if no power has been granted it has been reserved by the Legislature to be dealt with by that body. (Cort v. Smith, 249 App. Div. 1 [4th Dept., 1936], affd. 273 N. Y. 481 [1936],) The inclusion of petitioners in the Onondaga County Water District by the respondent Board of Supervisors was therefore an “ error of law ”,
*307 No other issue is before this court since by amendment to the pleadings all references or claims of the petitioners which allege any representative or class action have been eliminated. The time within which any other proceeding might have been brought on a proceeding for review has long since expired. (County Law, § 260.)
Section 260 spells out the review to which the petitioners are entitled. It states in part: 11 In the event that upon such review there shall be any modification by the court of such final determination or order, the clerk of the board of supervisors shall cause such order to be recorded and certified copies thereof filed in the same places as was the determination or order appealed from ’ ’. The petitioners’ application is granted. The order submitted herein shall modify the order of the respondent Board of Supervisors dated August 21, 1962 (Resolution No. 285) creating the Onondaga County Water District by excluding all of the real property located in the Town of Spafford, the Town of Skaneateles and the Village of Skaneateles from the said water district. Subject to this modification, the said order (Resolution No. 285) of respondent Board of Supervisors is in each and every other respect affirmed (County Law, § 260).

 New article 5-A added by L. 1963, eh. 1018, eff. Sept. 1, 1963.