In the Matter of the Application of HAROLD E. GARDINER, Petitioner, for an Order to Review the Proceedings of CHARLES A. HARNETT, Commissioner of Motor Vehicles of the State of New York, or CARROLL E. MEALEY, His Deputy, Respondent.*

Supreme Court, Onondaga County, February 11, 1938.

* Affd. 255 App. Div. 106.

*Oscar J. Brown*, for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Irving J. Lessen, Deputy Attorney-General,* of counsel], for the respondent.

CROSS, J.   This is a proceeding under the provisions of article 78 of the Civil Practice Act, in effect September 1, 1937.

The petitioner seeks a review of an order of the Commissioner of Motor Vehicles of the State of New York, under date of November 22, 1937, purporting to suspend petitioner's chauffeur's, operator's and automobile licenses until proof of financial responsibility is submitted in compliance with section 94-a of the Vehicle and Traffic Law.   Petitioner further seeks to have said suspension order annulled and declared void and of no effect.

The petitioner was, on the said 22d day of November, 1937, a licensed automobile operator within the State of New York.   On the 8th day of December, 1937, he received by registered mail a notice in form as follows:

STATE OF NEW YORK

DEPARTMENT OF TAXATION AND FINANCE

BUREAU OF MOTOR VEHICLES

ORDER OF SUSPENSION OR REVOCATION OF LICENSE OR CERTIFICATE OF REGISTRATION

Order No. 350241                           Dated Nov. 22, 1937

Renewal of
   Chauffeur's License No. 6170432   —   1936–37
Renewal of
   Operator's License No. 3687540   —   1936–37

Certificate of

Registration No. A11 1937 regs.

In the name of the person given below is hereby SUSPENDED until Proof of Financial Responsibility is submitted in compliance with Sect. 94-A of the Vehicle & Traffic Law.

IT IS ORDERED that the License and Certificate of Registration and Number Plates BE SUSPENDED IMMEDIATELY UPON RECEIPT OF THIS ORDER to the Commissioner of Motor Vehicles at his office at 236 W. Genesee St., Syracuse, N. Y.

CAUSE: Convicted, Sept. 20, 1937, before Traffic Court, Syracuse, N. Y., of Speeding, resulting in property damage.

FINANCIAL RESPONSIBILITY REQUIRED

350241

CHARLES A. HARNETT,
Commissioner of Motor Vehicles
by Carroll E. Mealey

CARROLL E. MEALEY
Deputy Commissioner

Harold E. Gardiner.
822 James St.,
Syracuse, N. Y.

EW :H

The pertinent Ordinance or Traffic Code provision is as follows:

ARTICLE II

Operation of Vehicles

Section 1. Drive within speed limit.

" The driver of any vehicle shall not drive or operate such vehicle on any of the public streets of this city at a rate of speed greater than twenty-five miles per hour."

Section 94-a of the Vehicle and Traffic Law provides as follows: " The motor vehicle operator's or chauffeur's license, * * * and all of the motor vehicle registration certificates of any person who shall by a final order or judgment have been convicted of or pleaded guilty to * * * a violation of any of the following provisions of law, to wit: * * *, *or any ordinance, rule or regulation regulating speed of motor vehicles and motor cycles duly adopted pursuant to law, where an injury to the person or property actually results therefrom;* * * *, shall be suspended by the commissioner of motor vehicles because of such conviction, and shall remain so suspended and shall not at any time thereafter be renewed nor shall any motor vehicle be thereafter registered in his name until he shall give proof of his ability to respond thereafter in damages."

The petitioner sets forth that he was not convicted in the Traffic Court of Syracuse, September 20, 1937, of the violation of an ordinance of the City of Syracuse nor upon any other charge, but he does admit and allege that he was convicted September 10, 1937,

upon a plea of guilty of the Syracuse speed ordinance, *supra;* and avers that no personal injury nor property damage was suffered by any person in connection with the incident out of which the ordinance charge arose.

Upon the return day of the order to show cause herein the respondents filed written objections and sought dismissal of the petition as a matter of law. Respondents urged the court, upon the argument, to determine petitioner's right to relief upon the record before the court. I will, therefore, take up the points of law urged by the respondents as grounds for dismissal of the petition.

Respondents urge that this court has no jurisdiction of the proceeding for the reason that it was brought in Onondaga county instead of Albany county, where the action was taken, suspending petitioner's licenses.

Section 1287 of the Civil Practice Act provides that " The petitioner shall apply for relief at a special term of the supreme court held within the judicial district embracing the county wherein the respondent made the determination * * *, *or wherein it is alleged in the petition that the material facts otherwise took place.*" I construe that section to authorize the Supreme Court at Special Term to grant relief where the term is held in the county where the alleged violation occurred, where the conviction was had, and where the petitioner resides.

Respondents further raise the point of law that petitioner is not properly in court because he has not surrendered his licenses in obedience to the suspension order. I am of the opinion that petitioner is aggrieved and properly before the court for relief, notwithstanding his failure to surrender his licenses. This for the reason that section 94-a of the Vehicle and Traffic Law provides that the licenses suspended shall not be renewed nor shall any motor vehicle be registered in his [petitioner's] name until proof of financial responsibility is furnished as specified in this section.

Respondents support their right to issue the suspending order upon a certificate of conviction of a motor vehicle violation furnished to the commissioner of motor vehicles by the Traffic Court of the city of Syracuse, which certificate they urge furnishes legal evidence that injury to property actually resulted from the violation to which petitioner pleaded guilty. An examination of such certificate shows that the reference to property damage was not a part of the certificate. The deputy clerk of the court did certify that the information appearing above his signature was a true abstract from the record of the above-named court. The certificate does not show that property damage was an element involved in the charge. The deputy clerk does not even assume to certify

this information either as a part of the record or as a part of his personal knowledge. Even the identity of the person making the statement relating to property damage is veiled in obscurity. The property damage information constitutes no proof whatever. It follows that the certificate of suspension has no legal basis of support. For the reasons stated it is not necessary here to determine the authority of the Deputy Commissioner of Motor Vehicles to issue the suspension order. In any event the authority of the deputy under the statute did not exceed that of the commissioner.

In view of the position taken by the respondents on this application that decision be made on the existing record, I am constrained to hold that the certificate of suspension under inquiry here was and is now void and of no effect.

Prayer of petitioner granted, with costs. Prepare order accordingly.