**106**

In the Matter of the Application of HAROLD E. GARDINER, Petitioner, Respondent, for an Order to Review the Proceedings of CHARLES A. HARNETT, Commissioner of Motor Vehicles of the State of New York, or CARROLL E. MEALEY, His Deputy, Pursuant to Article 78 of the Civil Practice Act of the State of New York, Respondent, Appellant.*

Fourth Department, June 28, 1938.

*Oscar J. Brown [William B. Mangin of counsel], for the petitioner, respondent.*

*John J. Bennett, Jr., Attorney-General [Irving H. Lessen, Assistant Attorney-General, of counsel], for the respondent, appellant.*

* Affg. 168 Misc. 349.

CUNNINGHAM, J. The respondent in this proceeding, the Commissioner of Motor Vehicles, acting under the provisions of section 94-a of the Vehicle and Traffic Law, suspended the operator's license and certificate of registration of petitioner until he should give proof of his financial responsibility.

The petitioner alleges that he was involved in a slight accident with a truck owned by Isaac Brown. As a result thereof, the petitioner was charged with speeding and thereafter appeared in the Traffic Court of the City of Syracuse, N. Y., and pleaded guilty to such charge and was fined the sum of five dollars.

Upon receipt of a certificate of this conviction from the clerk of such court, the respondent suspended the operator's license and registration certificate of petitioner.

If petitioner had been convicted of or pleaded guilty to a violation of any provision of law or any ordinance regulating the speed of motor vehicles " where an injury to the person or property actually results therefrom," then the Commissioner had power to suspend his license and certificate.

The court or the clerk of the court in which a person is convicted of a violation of any provision of the Vehicle and Traffic Law, or of any lawful ordinance in relation to traffic, except parking, is required to certify the facts of the case and the disposition thereof to the Commissioner of Motor Vehicles. " Such certificate shall be presumptive evidence of the facts recited therein." (Vehicle and Traffic Law, § 70, subd. 11.)

A certificate of the conviction of petitioner certified to the disposition made by the court of the charge against petitioner. After the certification of the clerk and his signature there was a statement in answer to a question, that property damage had resulted. Such statement was not signed or certified by the clerk of the court. It was upon this certificate of conviction with the annexed statement that respondent acted in suspending petitioner's license and registration certificate.

This proceeding was commenced under article 78 of the Civil Practice Act. The petition and notice of application having been served upon respondent, he was required to serve an answer thereto. (Civ. Prac. Act, § 1291.) Statements made in the answer are not conclusive upon the petitioner. (Civ. Prac. Act, § 1296.) In case of failure to serve or file an answer, the court may grant the relief demanded in the petition. (Civ. Prac. Act, § 1297.) The practice and procedure in this proceeding are the same as in an action. (Civ. Prac. Act, § 1306.)

The respondent has failed to serve or file an answer in this proceeding, but has served and filed an affidavit setting forth that

the action of respondent was taken in reliance upon the certificate of disposition of a motor vehicle violation furnished by the Traffic Court of the City of Syracuse, N. Y., from which " it appears that property was damaged not only of petitioner but of another person."

The petitioner in his petition alleges that in the accident in which he was involved " no personal injury was suffered by any person nor was there any property damage resulting from said accident." The affidavit filed on behalf of respondent does not contain a direct denial of the aforesaid allegation in the petition.

The respondent was not only required to serve an answer, but also affidavits or other written proof showing facts that would entitle him to a trial of an issue of fact. (Civ. Prac. Act, § 1291.)

Article 78 of the Civil Practice Act was prepared and reported to the Legislature by the Judicial Council of the State of New York. In its report recommending the adoption of the proposed act, the Judicial Council said, in commenting upon section 1291: " The purpose of the requirement that affidavits or other written proof be submitted with the answer, is to enable the court to make a summary disposition of the cause where there are no triable issues of fact, along the lines of rule 113 of the Rules of Civil Practice. The language of this portion of the proposed section is derived from Rule 113." And further says that the serving and filing of supporting affidavits by the petitioner with his petition or reply is optional, and then states that " It is felt that it would make for undue complexity to require the petitioner to submit affidavits or other written proof in support of his petition and reply and in reply to the respondent's answering affidavits or other proof, so as to allow the respondent to move for a summary disposition of the cause along the lines of rule 113 of the Rules of Civil Practice. It is the petitioner, and not the respondent, who has need of this summary remedy." (Report of Judicial Council, [1937] pp. 186 and 187.)

Even if we consider the affidavit filed by respondent as an answer, still there is nothing to show that the Commissioner of Motor Vehicles would be able to offer proof on a trial that the accident in which petitioner was involved and which led to his conviction of speeding caused damage to property. There was not a trial in Traffic Court. If, as alleged by petitioner, he pleaded guilty in the Syracuse Traffic Court, then there was nothing before that court to show that petitioner had caused property damage while speeding. Furthermore, the clerk did not certify to the fact that property damage had been caused, and his mere statement that property damage had been caused, not certified to by him as a part of the

proceeding in court, is not sufficient to show that petitioner had caused damage to property while speeding.

Therefore, the affidavit and exhibit attached, presented on behalf of respondent, are insufficient to present an issue of fact which should be tried.

The order made at Special Term, annulling the determination of the respondent, should be affirmed, with ten dollars costs and disbursements.

All concur. Present — CROSBY, LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Order affirmed, with ten dollars costs and disbursements.