In the Matter of the Application of MARY F. DALEY, Petitioner, Respondent, against THE BOARD OF ESTIMATE OF THE CITY OF NEW YORK and Others, Appellants.

Second Department, December 4, 1939.

*Stanley Buchsbaum* [*William C. Chanler*, Corporation Counsel, and *Charles E. Hirsimaki* with him on the brief], for the appellants.

*John F. X. Browne* [*John A. Albert* with him on the brief], for the respondent.

PER CURIAM. The proceeding is brought under article 78 of the Civil Practice Act to review determinations made by the appellants holding, in effect, that the death of respondent's husband did

not result from accidental injury sustained in the course of his employment and denying respondent's application for accidental death benefits under the New York city employees' retirement system.

The decedent was employed, and the accident upon which the claim was based occurred, in Queens county. The proceeding was commenced in that county. Appellants claim that the proceeding is maintainable only in a county embraced within the judicial district wherein the public body or officer performed the act complained of. In this case the determinations which the court is asked to review were made in New York county, and if appellants' contention is correct the proceeding may not be prosecuted outside the First Judicial District.

The question depends entirely upon the interpretation of that portion of section 1287 of the Civil Practice Act which provides that the proceeding may be brought " within the judicial district embracing the county * * * wherein it is alleged in the petition that the material facts otherwise took place." The meaning of the latter clause cannot be regarded as an open question in this court. Similar language was contained in the former section 1334 of the Civil Practice Act, which governed the venue of mandamus proceedings before the enactment of article 78 of the Civil Practice Act. In *Matter of Moors* v. *Craig* (205 App. Div. 897) we held that the language of the statute authorized the commencement of the proceeding in the county wherein occurred the underlying events which gave rise to the official action complained of. Under the authority of that case the respondent was entitled to institute the present proceeding in Queens county.

We are asked, in effect, to change our former opinion. We see no reason to do so. The same conclusion was reached, since the enactment of article 78, in *Matter of Gardiner* v. *Harnett* (168 Misc. 349; affd., 255 App. Div. 106). The amendment of section 1287 by chapter 420 of the Laws of 1938, so as to provide that an application directed against the Regents of the University of the State of New York must be made in the Third Judicial District, confirms our view. The amendment indicates legislative intent that such proceedings generally may be brought outside the district in which the questioned official act took place.

The order denying appellants' motion to dismiss the petition should be affirmed, with ten dollars costs and disbursements, the appellants to serve and file their answer within ten days from the entry of the order hereon.

LAZANSKY, P. J., JOHNSTON, ADEL, TAYLOR and CLOSE, JJ., concur.

Order denying appellants' motion to dismiss the petition affirmed, with ten dollars costs and disbursements; appellants to serve and file their answer within ten days from the entry of the order hereon.