Roberts, J.
Petitioners in this proceeding claim that they are exempt firemen under section 200 of the General Municipal Law. They claim further that they were former employees of the Department of Public Works of the State of New York and that they were dismissed from their employment without any charges of incompetency or misconduct being made and without a hearing, in violation of subdivision 1 of section 22 of the Civil Service Law. The proceeding is instituted to compel respondent to restore the petitioners to their previous employment.
Respondent did not file an answer but on the return day of the proceedings moved (1) for an order transferring the proceeding and changing the venue from Monroe to Albany County; (2) for an order dismissing the petition upon the ground that the proceeding was not brought within the period prescribed by section 1286 of the Civil Practice Act; and (3) for an order dismissing the petition upon the ground that it does not state facts sufficient to entitle the petitioners to the relief asked.
The court will first consider respondent’s motion to change the venue to Albany County.
Section 1287 of the Civil Practice Act prescribes where a proceeding under article 78 shall be brought. The section provides that such a proceeding shall be brought at- Special Term of the Supreme Court in the Third Judicial District if the petition be directed against the Regents of the University of the State of New York, the Commissioner of Education, the State Tax Commission, the Public Service Commission, the Comptroller, the Department of Agriculture and Markets or the Water Power and Control Commission. Inasmuch as the respondent in this proceeding, the Superintendent of the Department of Public Works, is not one of those so named, it is necessary to look to the remaining provisions of the section to determine where a proceeding such as this must be brought.
The section further provides in substance that proceedings, other than those against the respondents above specified, may be brought in the county (1) where the respondent made the determination complained of; (2) wherein the proceedings are brought in the course of which the matter, sought to be restrained, originated; (3) where the material facts alleged in the petition otherwise took place; or (4) where the principal office of respondent is located. Thus, section 1287 of the Civil Practice Act provides alternative places where an application *57 of this character may be made. (Matter of Avon Dairies v. Du Mond, 280 App. Div. 116, 119.)
As respondent’s principal office is located in Albany County, the proceeding could properly have been brought in that county. Respondent furthermore contends that every determination as to the appointment or removal of employees of the Department of Public Works takes place in the principal office of the superintendent at Albany, N. Y. If this be so, the determination complained of took place in Albany County and that furnished an additional ground upon which the proceeding could have been brought in that county. This does not mean, however, that Albany County is the only county in which the venue could have been laid. If the material facts which give rise to the underlying events upon which such determination was made, originated in Monroe County, then Monroe County would also be a proper county in which to lay the venue of the proceeding. (Matter of Zorach v. Clauson, 275 App. Div. 774, affd. 300 N. Y. 613; Matter of Board of Educ. of City of Beacon v. State Dept, of Educ., 275 App. Div. 1041; Matter of Lacqua v. O’Connell, 280 App. Div. 31; Matter of Goodwin v. Graves, 262 App. Div. 691, affd. 288 N. Y. 673; Matter of Daley v. Board of Estimate of City of N. Y., 258 App. Div. 165; Matter of Rochester Co-op. Milk Producers Bargaining Agency v. Du Mond, 185 Misc. 522; Brown v. Bates, 102 N. Y. S. 2d 859.)
In Matter of Lacqua v. O’Connell (280 App. Div. 31, supra), the court pointed out that under section 1287 of the Civil Practice Act, a proceeding under article 78 could be brought either in the county where the determination was made, in the county of respondent’s principal office, or in the county where the material facts took place. It was there pointed out that it was the view of both the First and Second Departments that such a proceeding can best be heard and determined where the material facts took place. We find nothing to indicate that a different view has been taken by the Third or Fourth Departments.
In Matter of Goodwin v. Graves (262 App. Div. 691, affd. 288 N. Y. 673, supra), a proceeding was instituted to review the determination of the State Commissioner of Taxation and Finance in dismissing the petitioner from his employment with the Department of Taxation and Finance. The proceeding was instituted in Onondaga County. Respondent moved to change the venue from Onondaga to Albany County upon the ground that the determination to dismiss the petitioner took place in Albany where the principal office of the department was located. *58 The motion was opposed upon the ground that the hearings with reference to the petitioner had been conducted in the city of Syracuse and that the material facts alleged in the petition all took place in Onondaga County. The motion to transfer the proceedings to Albany County was denied, it being pointed out that if the underlying events occurred in Onondaga County* the proceeding was properly instituted there.
In Matter of Board of Educ. of City of Beacon v. State Dept. of Educ. (275 App. Div. 1041, supra), a proceeding was brought in Dutchess County to review the determination of the Commissioner of Education in reinstating one Hamm as director of physical education of the schools of the City of Beacon. The order of the Special Term transferring the proceeding from Dutchess County to Albany County was unanimously reversed; the court there saying: “ In our opinion section 1287 of the Civil Practice Act authorized the commencement and the maintaining of the proceeding in Dutchess County, the county wherein occurred, as alleged in the petition, the underlying events which gave rise to the official action sought to be reviewed herein.”
From the petition herein it appears that the three petitioners all reside in Brockport, which is within the County of Monroe. They all claim to be exempt firemen and former members of the fire department of the Village of Brockport. It is alleged that the petitioner McDermott was employed by the Department of Public Works as a canal helper, which job involved general duties in and about Bridge E-182 in Brockport, N. Y. It is alleged that the petitioner, George Crandall, was employed as a canal helper, that his duties consisted of janitor work, flagging of traffic and the general care of the premises adjacent to Bridge E-181 in Brockport. It is further alleged that the petitioner, Edward Tighe, was employed by the State on the Barge Canal and that he worked out of Bridge E-182, Brockport, N. Y. Thus, it appears that the petitioners are all residents of Monroe County, that their work as State employees was performed in Monroe County, and that their status as exempt firemen arose in Monroe County. These are the underlying facts which petitioners claim make their dismissal without a hearing a violation of law entitling them to reinstatement.
Supplementing the petition, petitioners have submitted an affidavit that they were each employed by someone in charge of the Brockport office of the Department of Public Works and that all orders pertaining to them issued out of the Bochester office of said department; that all pay checks were received by *59 them in Monroe County; and that they were notified of their dismissal from employment by the supervisor of the Brockport office.
Although the determination to dismiss the petitioners may have been made in the office of Superintendent of Public Works at Albany, that determination must obviously have been based upon material facts which took place in the County of Monroe. Prom the foregoing, it seems abundantly clear that the proceeding was properly instituted in Monroe County and respondent’s motion for change of venue to Albany County should be denied.
Consideration will now be given to respondent’s motion to dismiss the petition.
Under section 1286 of the Civil Practice Act an article 78 proceeding must be instituted “ within four months after the determination to be reviewed becomes final and binding, upon the petitioner or the person whom he represents, either in law or in fact, or after the respondent’s refusal, upon the demand of the petitioner or the person whom he represents, to perform his duty, as the case may be ”. The petition in paragraph 8 thereof alleges that the three petitioners were dismissed from their employment with the Department of Public Works “ on the dates as aforesaid The dates previously stated in the petition and to which reference is apparently made are that the petitioner, Wilbur McDermott, was laid off on November 30,1954, the petitioner, George Crandall, was laid off on November 30, 1954, and the petitioner, Edward Tighe, was laid off on April 1, 1955. It is claimed, therefore, by the respondent that the determination to be reviewed is the dismissal of the three petitioners which occurred more than four months prior to the commencement of this proceeding. According to section 1286 of the Civil Practice Act, the proceeding might have been instituted within four months after demand by the petitioners for reinstatement and respondent’s refusal to so reinstate them. The petition, however, is silent as to whether or not any such demand for reinstatement was made. Upon the face of the petition, therefore, it appears that the proceeding was not instituted within the four months’ statutory period.
The attorney for the petitioners has, however, submitted an affidavit indicating that subsequent to the dismissal of petitioners there was some demand for their reinstatement and that respondent’s final determination or refusal to reinstate was within four months of the date the proceeding was instituted. Petitioners have requested leave to amend the petition to set forth facts showing the proceeding was timely commenced. *60 The court has power to allow an amendment of the petition. (People ex rel. Denney v. Clark, 257 App. Div. 905; People ex rel. New York City Omnibus Corp. v. Miller, 282 N. Y. 5; People ex rel. Tierney v. Wilkins, 261 App. Div. 728; Matter of Fox v. Adams, 206 Misc. 236.) Such amendment may be allowed after the expiration of the four months’ period prescribed by section 1286 of the Civil Practice Act (Donohue v. McGovern, 114 N. Y. S. 2d 581, 586). In the interest of justice petitioners should be allowed to amend. They will thus be permitted to plead any facts which may tend to show that the proceeding was timely brought.
Motion for change of venue to Albany County is denied as a matter of discretion. Motion to dismiss the proceeding is granted unless petitioners shall serve upon the respondent within twenty days of the date hereof an amended petition. If such amended petition is served, it shall be without prejudice to the right of the respondent to move in respect to the sufficiency thereto if he be so advised.