Anthony J. Di Giovanna, J.
This is a motion to change the venue of an article 78 proceeding directed against the Police Commissioner of the City of New York and the members of the Department of Personnel, Civil Service Commission of the City of New York.
*323 Objection is made by the petitioner that rule 146 of the Rules of Civil Practice cannot be used as the mechanics for a change of venue. Rule 146 says that If the defendant in an action in the supreme court demand that the action be tried in the proper county, he must serve with the answer, or before service of the answer, a written demand accordingly. ’ ’
It is the petitioner’s contention that this rule has no application to a special proceeding. Section 1306 of the Civil Practice Act says: “ Except as otherwise expressly or by plain implication prescribed by statute, the provisions of statute and rule applicable to practice or procedure in an action apply to the proceeding under this article so far as such provisions can be applied to its substance and subject matter without regard to its form.”
There is no separate provision of article 78 which prescribes the procedure one should follow in seeking a change of venue. However, section 1287 specifically provides for the venue of such proceedings. Consequently there can be only one interpretation placed upon the foregoing sections and that is that rule 146 is properly usable as the basis for a demand for change of venue. The case of Felice v. Swezey (278 App. Div. 958) is in accord with this determination. Therein motions were made pursuant to rules 106 and 107 of the Rules of Civil Practice for relief therein prescribed. The court properly held that a motion pursuant to those rules could not be made in a special proceeding. The reason is quite apparent. Section 1293 of the Civil Practice Act specifically sets forth the manner in which objections in point of law may be raised in a special proceeding. Under such circumstances the mechanics for making such motion is prescribed directly in article 78 of the Civil Practice Act and therefore any other provisions of the Civil Practice Act is not applicable. Consequently the court finds that the motion for change of venue has been properly made.
The petition contains evidentiary matter which does not properly belong in a petition. The entire tenor of the application is set forth in paragraph ‘ twenty-third ’ ’ wherein the petitioner has stated That respondent Police Commissioner without assigning any reason therefor has arbitrarily, capriciously and unreasonably, refused to appoint your petitioner a Patrolman. ’ ’
Nothing has been set forth in the petition indicating that such determination was based upon material facts occurring in this county.
*324 The proceeding insofar as it is directed against the Personnel Department seems to be without legal basis because,- as stated in paragraph ‘ ‘ twelfth ’ ’, the petitioner was duly certified to the Police Commissioner. Section 1287 of the Civil Practice Act permits the proceeding to be brought at a Special Term of the Supreme Court within a judicial district embracing the county either where the respondent made the determination complained of or where the respondent refused to perform a duty specifically enjoined upon him by law or wherein the proceedings are brought or taken in the course of which the matter sought to be restrained originated or wherein the principal office of the respondent is located or where it is alleged in the petition that the material facts took place. The office of the Police Commissioner of the City of New York is in the Borough of Manhattan within the First Judicial District. It is alleged, as indicated before, that the determination was made by the Police Commissioner who has his principal office in the First Department. Nothing has been shown from which a finding can be made, assuming all of the allegations of the petition to be true, that the determination was based upon any material facts which took place in any other place than in New York County. Several cases have been cited by the petitioner in support of his plea that the special proceeding remain in Kings County.
In Matter of Zorach v. Clauson (86 N. Y. S. 2d 17, affd. 275 App. Div. 774, affd. 300 N. Y. 613) the right of the petitioner to bring a special proceeding* in Kings County was sustained. However, as was pointed out by Mr. Justice Beldock, who wrote a very illuminating opinion on the subject matter, not only was the petition directed against the determination of the Department of Education of the State of New York, but also against the Board of Education of the City of New York. It was the determination of the Board of Education of the City of New York, whose principal office is located in Kings County, which actually set in motion the occurrences which brought on the article 78 proceeding*. The fact that both' appellate courts affirmed without opinion does not indicate a concurrence with the reasoning* of Mr. Justice Beldock in all its aspects. If sufficient reason existed for its affirmance on one ground of several stated, then it may not be assumed that it was affirmed on all grounds. The fact is that in that case the principal office of the Board of Education of the City of New York was in Kings County, the determination complained of was in Kings County and the material facts upon which the determination took place *325 were in Kings County. Therefore, a® held by the appellate courts, the venue was properly laid in Kings County.
In Matter of McDermott v. Johnson (1 Misc 2d 55) the respondent’s principal office was located in Albany County, but each of the exempt firemen who sought reinstatement after dismissal from their employment in Monroe County were residents of Monroe County and were exempt firemen of the Fire Department of the Village of Brockport in Monroe County. Thus it appeared that the petitioners were all residents of Monroe County, that their work as State employees was performed in Monroe County and that their status as exempt firemen arose in Monroe County. Those were the facts upon which the petitioners claimed the dismissal was made in violation of law. Consequently the court correctly determined that the proceeding was brought in the proper county, as provided in section 1287 of the Civil Practice Act.
The excerpt quoted in the petitioner’s brief from Matter of Board of Educ. of City of Beacon v. State Dept. of Educ. (275 App. Div. 1041) indicates the fallacy of the petitioner’s argument. It holds as follows (p. 1042): “In our opinion section 1287 of the Civil Practice Act authorized the commencement and the maintaining of the proceeding in Dutchess County, the county wherein occurred, as alleged in the petition, the underlying events which gave rise to the official action sought to be reviewed herein.”
I call particular attention to the words above “ as alleged in the petition ’ ’ as being the basis for the determination. There is no allegation in the petition in this article 78 proceeding from which it can be said that the Police Commissioner based the determination upon any material facts arising in another county.
In Matter of Daley v. Board of Estimate of City of N. Y. (258 App. Div. 165) the article 78 proceeding involved an application for accidental death benefits, the accident having occurred in Queens County. In denying the application for change of venue from Queens County to New York County the court properly held that the determination made in New York County was based upon material circumstances which had occurred in Queens County.
Under the circumstances, the court is constrained to find that the venue of this article 78 proceeding is improperly laid in Kings County and therefore directs the transfer of this matter to the County of New York within the First Judicial District.
Settle order on notice.