Henry A. Hudson, J.
The petitioner seeks an order pursuant to the provisions of article 78 of the Civil Practice Act annulling the determination of the respondent in refusing to issue a license to the petitioner to participate in harness horse racing meets during the year 1957 or in the alternative directing that these proceedings be transferred to the Appellate Division of the Supreme Court, Fourth Department.
The determination of the Commissioner of Harness Racing, in respect to the petitioner’s application was made after a hearing, upon the basis of proof taken at such hearing. It would, therefore, seem that under the provisions of subdivisions 6 and 7 of section 1296 of the Civil Practice Act, the proceedings should be transferred to the Appellate Division for determination.
Upon the return day of the application, the respondents made a cross motion for an order transferring the proceedings to the Supreme Court of New York County pursuant to section 1287 of the Civil Practice Act upon the ground that the determination *702 complained of was made by the respondents within the county of New York, that being* also the county within which the respondents have their principal office and that being the county within which the petitioner’s original application for license was submitted, subsequently processed and denied. Section 1287 of the Civil Practice Act insofar as it applies to the present application and the cross motion, reads as follows: ‘ ‘ Where proceeding to be brought. The petitioner shall apply for relief at a special term of the supreme court held within the judicial district embracing the county wherein the respondent made the determination complained of or refused to perform the duty specifically enjoined upon him by law, or wherein the proceedings are brought or taken in the course of which the matter sought to be restrained originated, as the case may be, or wherein it is alleged in the petition that the material facts otherwise toolc place; or wherein the principal office of the respondent is located. The special term at which relief is applied for may, in the exercise of its discretion, transfer the proceeding* to the county wherein the principal office of the respondent is located.” (Emphasis supplied.)
It would appear to me that the material facts, which are alleged in the petition, took place within the county of Oneida in which county the application was made by the petitioner and that under section 1287 and the decisions relating thereto, Oneida County is a proper county within which the application should be made. Under these circumstances, referral of this matter to the Appellate Division should be made to the Appellate Division, Fourth Department, the department in which the Fifth Judicial District, which embraces the County of Oneida, is situated.
Matter of Lacqua v. O’Connell (280 App. Div. 31) wherein the court stated (p. 32):
‘1 While under section 1287 of the Civil Practice Act such a proceeding* might be brought either in the county of New York, where the determination complained of was made, or in the county of Kings where the material facts took place, or in the county of Albany where the principal office of the respondent is located, it is the view of the Justices of the Appellate Divisions of both the First and Second Departments that such a proceeding can best be heard and determined where the material facts took place, that is in the judicial district embracing the county in which the premises are located.
“ It will be expected that future proceedings of this nature will be brought in the judicial district of such county.” (Matter of Gardiner v. Harnett, 168 Misc. 349, affd. 255 App. Div. 106; *703 Matter of Daley v. Bd. of Estimate of City of N. Y., 258 App. Div. 165; Matter of McDermott v. Johnson, 1 Misc 2d 55.)
The cross motion of the respondents to transfer the proceedings to the Supreme Court, New York County is denied, without costs.
The proceedings, pursuant to the petition, are referred to the Appellate Division, Fourth Department in accordance with the provisions of subdivisions 5-a, 6 and 7 of section 1296 of the Civil Practice Act.
Order in accordance herewith.