Aron Stetjer, J.
The petitioner, a tenant, seeks to review a determination of respondent Rent Commission which resulted in the issuance of a certificate of eviction. The landlord has intervened in the proceeding and makes this motion to change the venue to Queens County. The apartment in question is located in that county.
The venue of proceedings against a State body or officer is governed by section 1287 of the Civil Practice Act, which fixes it as the district where the officer made his determination, or where the material facts took place, or where the principal office of the respondent is located. Here, the determination was made and the material facts took place in Queens.
In Matter of Lacqua v. O'Connell (280 App. Div. 31) the court had before it an application to review a determination of the State Liquor Authority. There the facts giving rise to the determination took place in Kings County, the determination was made in New York County and the Authority had its principal office in Albany County. Venue for the application was laid in New York County. The court did not question that this was permissible under the statute, but stated that the proceeding could be best heard and determined where the material facts took place. And of its own motion the court transferred the matter. It is true that the Justices of the Appellate Division *559 of the Second Department agreed in the reasoning and acquiesced in the transfer before it was made. But this was merely a courtesy.
The same statute is here involved. No distinction between the relation of the situs of the incident and the functioning of the regulatory body has been found as between the Rent Commission and the Liquor Authority. Nor is any distinction in the convenience of litigants due to the distance to be travelled discoverable. The key to the situation is to be found in the statement of the court (p. 32) —“It will be expected that future proceedings of this nature will be brought in the judicial district of such county ’ ’, referring to the county where the materia] facts took place.
The reason is obvious. It is the proper distribution of judicial business, relegating it wherever feasible to the geographical unit where it arose. It may be argued that the time and energy involved in determining the proper forum may be equal or greater than that required for the question involved, and thus the purpose is defeated. The answer Res in the implied direction expressed in the expectation that counsel will hereafter initiate proceedings in the county indicated.
Motion granted and the clerk is directed to transfer all papers to the Special Term of Supreme Court, Queens County.