Nicholas M. Pette, J.
In this proceeding under article 78 of the Civil Practice Act directed against the Board of Education of the City of New York and the Superintendent of Schools of the City of New York, to annul the determination of the Board of Education confirming the decision of the Superintendent of Schools to transfer certain pupils in Brooklyn schools to schools in Queens County, and to stay and enjoin respondents from carrying out their plan to transfer said pupils, the respondents, pursuant to the provisions of section 1287 of the Civil Practice Act and rule 146 of the Rules of Civil Practice, move for an order changing the venue of the proceeding from Queens County to Kings County.
The venue of this proceeding is to be determined pursuant to the provisions of section 1287 of the Civil Practice Act, which, so far as material for the determination of this motion, provides in part: ‘ ‘ The petitioner shall apply for relief at a special term of the supreme court held within the judicial district embracing the county wherein the respondent made the determination complained of * * * or wherein it is alleged in the petition *874 that the material facts otherwise tooh place; or wherein the principal office of the respondent is located. The special term at which relief is applied for may, in the exercise of its discretion, transfer the proceedings to the county wherein the principal office of the respondent is located.” (Emphasis supplied.)
Petitioners contend that under section 1287 of the Civil Practice Act they could bring the proceeding in any one of the following counties: (a) New York County — where the determination complained of was made; (b) Queens County —where the material facts have occurred and are occurring and where they all reside; or (c) Kings County — where the principal office of the respondent Superintendent is located.
From the reading of the petition and the affidavits pro and con submitted on- this motion for change of venue, the court is of the opinion “ that the material facts otherwise took place ” in Queens County, upon which the determination complained of was made. The investigation by the Superintendent included the existing material facts relative to the available unused accommodations alleged to exist in the Queens schools, including available space as well as adequate lunchroom and toilet facilities to accommodate pupils in the third, fourth and fifth grades. There can be no gainsaying that these were material matters underlying the official action complained of. Although on the argument of the instant motion for change of venue reference was made to the article 78 proceeding, in rendering the present decision, the court is not passing upon or appraising the merits of that proceeding which has been adjourned to October 14, 1959, at which time the court will hear argument thereon. Furthermore the locale of the Queens schools involved is also a material fact underlying the determination complained of. All of the aforesaid material facts are alleged in the petition, and, in the opinion of this court, render Queens County as the proper venue for this article 78 proceeding. (Matter of Daley v. Board of Estimate, 258 App. Div. 165; Matter of Zorach v. Clauson, 275 App. Div. 774, affd. 300 N. Y. 613; Matter of Lacqua v. O’Connell, 280 App. Div. 31.)
The decision in Matter of Lacqua v. O’Connell (supra) seems squarely pertinent here. Three counties were possible choices for venue purposes in that case and the court stated: “ It is the view of the Justices of the Appellate Divisions of both the First and Second Departments that such a proceeding can best be heard and determined where the material facts took place, that is in the judicial district embracing the county in which the premises are located.”
*875 Petitioners in the ease at bar selected Queens County, where “ the premises (Public Schools 68, 77, 81, 88 and 91) are located.” The rule of Matter of Lacqua v. 0’Connell (supra) is generally applicable to article 78 proceedings and is not limited to proceedings against the State Liquor Authority. (See, also, Matter of Caro v. Weaver, 15 Misc 2d 558; Matter of McDermott v. Johnson, 1 Misc 2d 55.)
The holding in the cases relied upon by the respondents is not contra to the decisions in the foregoing cases cited by this court in support of the decision herein made.
The motion for a change of venue is denied. Submit order.