Jambs J. Cowboy, J.
In an article 78 proceeding, the respondents move, pursuant to rule 146 of the Rules of Civil Practice, to change the venue of the proceedings from Queens County to Albany County.
The respondents allege that since this proceeding brought by the petitioner is to review and annul the determination of the New York State Civil Service Commission which affirmed the determination of the Acting Director of Pilgrim State Hospital in a disciplinary hearing, in which the petitioner herein was the respondent, the proper venue, pursuant to section 1287 of the Civil Practice Act, would be Albany County wherein the principal offices of the respondents New York State Civil Service Commission and New York State Department of Mental Hygiene are located. In addition, the respondents allege that the records of all the personnel involved in the hearing which resulted in the determination herein, sought to be reviewed, are located and stationed respectively in Albany County.
The petitioner, in opposition, argues that section 1287 permits the commencement of an article 78 proceeding “at a special term of the supreme court held within the judicial district embracing the county * * * wherein it is alleged in the petition that the material facts otherwise took place ”. The petitioner further argues, since the underlying events which are alleged in the petition herein took place in Suffolk County, the proceeding herein is properly commenced in Queens County since both counties fall within the Tenth Judicial District.
The respondents properly adopted the procedure as outlined in rule 146 of the Rules of Civil Practice to seek the change of venue of the instant article 78 proceeding. (See Matter of De Riso v. Kennedy, 13 Misc 2d 322.) It has been held, however, that an article 78 proceeding “ can best be heard and determined ” in the judicial district embracing the county in which the material facts took place (Matter of Lacqua v. O’Connell, 280 App. Div. 31, 32; Matter of Anderson v. Board of Educ., 19 Misc 2d 873; Hook v. State of New York, 15 Misc 2d 672, 678) and although the proceeding may properly be commenced within the judicial district embracing the county wherein the respondents made the determination complained of or wherein the respondents’ principal offices are located (Civ. Prac. Act, § 1287), if there is a choice, as on a motion to change venue, the judicial *64 district embracing the county wherein the material facts took place is favored. (Matter of Caro v. Weaver, 15 Misc 2d 558.) It is apparent that Queens County is in the judicial district which embraces Suffolk County, the county in which the material facts in the instant case took place. (Matter of Browne v. State Bd. of Parole, 25 Misc 2d 1050,1052-1054.) Therefore, the motion is in all respects denied.