Lawrence H. Cooke, J.
Petitioners, contending that they are the duly appointed members of the Civil Service Commission of the City of Rochester, institute this article 78 proceeding for *654 an order “ (a) compelling the respondent, the State Civil Service Commission, to accept the Buies of the Municipal Service Commission of the City of Bochester adopted by said Commission on the 5th day of April, 1962, and (b) further compelling the respondent, the State Civil Service Commission, to approve said Buies, if satisfactory, pursuant to Section 20 of the Civil Service Law of the State of New York, and (c) further compelling the Civil Service Commission of the County of Monroe, to terminate its administration of the civil service in the City of Bochester and to turn over to the petitioner all the records pertaining to the civil service employees of the City of Bochester”. The members of the State Civil Service Commission of New York and the members of the Monroe County Civil Service Commission are named as respondents. Among other things, petitioners claim this proceeding is brought properly against the latter group of respondents in view of the provisions of subdivision 1 of section 1284 of the Civil Practice Act.
The respondent members of the Monroe County Civil Service Commission, claiming to appear specially pursuant to section 237-a of the Civil Practice Act, move for “ an order dismissing the proceedings and denying the prayer for relief requested by the Petitioners against the Civil Service Commission of the County of Monroe, and to strike out that part of the pleadings which relates to the County of Monroe, upon the following grounds: 1. That the Supreme Court in the Third Judicial District held in and for the County of Albany does not have jurisdiction of the subject matter of this action insofar as the County of Monroe is concerned. 2. (a) That Petitioners have no legal capacity to sue in that it appears on the face of Exhibit A that provision has been made by the Local Law therein referred to for the appointment of only one Commissioner during the year 1962. (b) That in any event the relief demanded against the Monroe County Civil Service Commission is premature in that said Petitioners even if properly constituted are not entitled as a matter of law to the relief sought against the said Civil Service Commission unless and until its proposed rules which * if satisfactory ’ have been approved by the State Civil Service Commission. 3. That the separate causes of action against the State Civil Service Commission and the termination of the Monroe County Civil Service Administration in the City of Bochester, New York and the request for the Monroe County Commission to turn over all records pertaining to the Civil Service employees to the City of Bochester are separate causes of action either as a matter of law or discretion and should not be joined in the said proceedings. 4. That the Supreme Court held in and for the *655 County of Albany and City of Albany, New York is not the proper forum where a determination should be made for the County of Monroe in that Section 1287 of the Civil Practice Act specifically provides that the relief demanded herein against the Monroe County Civil Service Commission shall be made at a Special Term of the Supreme Court held within the Judicial District embracing the County of Monroe. 5. And for such other, further, different and equitable relief as may be just and proper in the circumstances, together with the costs and disbursements of this proceeding.”
Section 1287 of the Civil Practice Act, entitled ‘ ‘ Where proceeding to be brought ”, provides as follows: “ The petitioner shall apply for relief at a special term of the supreme court held within the judicial district embracing the county wherein the respondent made the determination complained of or refused to perform the duty specifically enjoined upon him by law, or wherein the proceedings are brought or taken in the course of which the matter sought to be restrained originated, as the case may be, or wherein it is alleged in the petition that the material facts otherwise took place; or wherein the principal office of the respondent is located. The special term at which relief is applied for may, in the exercise of its discretion, transfer the proceeding to the county wherein the principal office of the respondent is located. If the petition be directed against a justice of the supreme court or a judge of the county court or the court of general sessions, the application shall be made to the appellate division of the judicial department embracing the county wherein the action is triable or the special proceeding is brought, in the course of which the matter sought to be enforced or restrained, as the case may be, originated, unless a term of the appellate division of said department is not in session, in which case the application may be made to the appellate division in an adjoining judicial department; and except that the petitioner may apply to any court or judge expressly authorized by statute to grant relief. If the petition be directed against the regents of the university of the state of New York, the commissioner of education, the state tax commission, the public service commission, the comptroller, the department of agriculture and markets or the water power and control commission, the application shall be made to a special term of the supreme court in the third judicial district.” Applicable to the situation appearing here, it can be seen that a petitioner may apply for relief at a Special Term of the Supreme Court held within the Judicial District embracing the county (1) where the respondent made the determination complained of, (2) wherein *656 it is alleged in the petition that the material facts otherwise took place, or (3) wherein the principal office of the respondent is located. Thus, said section 1287 • provides alternative places where an application of this character may be made (Matter of Avon Dairies v. Du Mond, 280 App. Div. 116, 119; Matter of Lacqua v. O’Connell, 280 App. Div. 31; Matter of Caro v. Weaver, 15 MisC 2d 558; Matter of McDermott v. Johnson, 1 MisC 2d 55, 56-57).
In Matter of Avon Dairies v. Du Mond (supra) the Appellate Division held that section 1287 of the Civil Practice Act refers only to venue and does not go to the jurisdiction of the court, stating (p. 119): “ We are of the opinion that the subject section (entitled ‘ Where proceeding to be brought ’), rather than presuming to oust the Supreme Court of any judicial district from its power to review under article 78 of the Civil Practice Act, was intended to refer only to venue. The provisions of the statute, while mandatory as regards venue, do not go to the jurisdiction of the court. (People ex rel. Arnold v. Skene, 194 N. Y. 186; People ex rel. Neto York Central & Hudson R. R. R. Co. v. Priest, 169 N. Y. 432.) In the latter case (p. 435) the court in construing a statute which provided that an application for a writ of certiorari should be made in the district where the tax is levied, stated: 1 We do not, however, regard the statutory direction as jurisdictional. There is but one Supreme Court in the state and the jurisdiction of its justices is coextensive with the state.’ In fact, if we were to interpret section 1287 as being jurisdictional, and, therefore, a curtailment of the general jurisdiction of the Supreme Court, a grave constitutional question might result. (N. Y. Const., art. VI, § 1.) The Legislature is without power to limit or qualify the .jurisdiction of the Supreme Court. (Schieffelin v. Komfort, 86 Misc. 678; Mussen v. Ausable Granite Works, 63 Hun 367.) ” (See, also, Herricks Road Corp. v. Godfrey, 63 N. Y. S. 2d 447; Matter of Rosenberg v. Board of Estimate of City of N. Y., 170 Misc. 359.)
Here, it appears that the determination complained of was made in Albany County, that the principal office of one group of respondents is located in Albany County and that of the other is in Monroe County. However, the county wherein it is alleged in the petition that the material facts otherwise took place is Monroe. (See, among others, paragraphs “ 1 ”, “ 3 ”, “ 4 ”, “ 7 ”, “ 14 ”, “ 15 ”, 1117 ” and “ 18 ” of the petition herein.) In this connection, the words ‘1 material facts ’ ’ mean ‘1 the underlying events which gave rise to the official act complained of ” (Matter of Zorach v. Clauson, 86 N. Y. S. 2d 17, 27, affd. 275 *657 App. Div. 774, affd. 300 N. Y. 613; Matter of Board of Educ. of City of Beacon v. State Dept. of Educ., 275 App. Div. 1041; Matter of McDermott v. Johnson, 1 Misc 2d 55, 57, supra; Brown v. Bates, 102 N. Y. S. 2d 859, 860).
While under section 1287 of the Civil Practice Act, a proceeding of this character could be brought in the county where the determination was made or in the county of respondent’s principal office or in the county where the material facts took place, it is the generally accepted view that such a proceeding can best be heard and determined in the judicial district embracing the county in which the material facts took place (Matter of Barry v. O’Connell, 281 App. Div. 952, affd. 305 N. Y. 633; Matter of Lacqua v. O’Connell, 280 App. Div. 31, supra; Matter of Mansi v. Kaplan, 33 Misc 2d 62; Matter of Anderson v. Board of Educ. of City of N. Y., 19 Misc 2d 873, 874 875; Matter of Caro v. Weaver, 15 Misc 2d 558, supra; Matter of Eldred v. Monaghan, 11 Misc 2d 701; Matter of McDermott v. Johnson, 1 Misc 2d 55, 57, supra; Granucci v. O’Connell, 118 N. Y. S. 2d 79, 81). In Matter of Lacqua v. O’Connell (supra, p. 32) the Appellate Division held as follows:
“While under section 1287 of the Civil Practice Act such a proceeding might be brought either in the county of New York, where the determination complained of was made, or in the county of Kings where the material facts took place, or in the county of Albany where the principal office of the respondent is located, it is the view of the Justices of the Appellate Divisions of both the First and Second Departments that such a proceeding can best be heard and determined where the material facts took place, that is in the judicial district embracing the county in which the premises are located.
‘' It will be expected that future proceedings of this nature will be brought in the judicial district of such county.”
Justice Steuer stated in Matter of Caro v. Weaver (supra, p. 559) as follows: “ The reason is obvious. It is the proper distribution of judicial business, relegating it wherever feasible to the geographical unit where it arose. It may be argued that the time and energy involved in determining the proper forum may be equal or greater than that required for the question involved, and thus the purpose is defeated. The answer lies in the implied direction expressed in the expectation that counsel will hereafter initiate proceedings in the county indicated.”
In Matter of McDermott v. Johnson (supra) we read at page 57: “It was there pointed out that it was the view of both the First and Second Departments that such a proceeding can best *658 be heard and determined where the material facts took place. We find nothing to indicate that a different view has been taken by the Third or Fourth Departments.”
Not only does said rule result in the proper distribution of judicial business, relegating it wherever feasible to the geographical unit where it arose, but it is conducive to an orderly and seemly administration of justice. (See, also, Matter of Browne v. Board of Parole, 10 N Y 2d 116, 122; Matter of Board of Educ. of City of Beacon v. State Dept. of Educ., 275 App. Div. 1041, supra; Matter of Zorach v. Clauson, 86 N. Y. S. 2d 17, affd. 275 App. Div. 774, affd. 300 N. Y. 613, supra; Matter of Daley v. Board of Estimate of City of N. Y., 258 App. Div. 165; Matter of Moors v. Craig, 205 App. Div. 897; Hook v. State of New York, 15 Misc 2d 672, 677; Matter of De Riso v. Kennedy, 13 Misc 2d 322; Brown v. Bates, 102 N. Y. S. 2d 859, supra; Matter of Rochester Co-op. etc., Agency v. Du Mond, 185 Misc. 522; Matter of Gardiner v. Harnett, 168 Misc. 349, affd. 255 App. Div. 106.)
The motion made by the respondent members of the Monroe County Civil Service Commission is stated to be made pursuant to section 237-a of the Civil Practice Act. Said section, entitled “ Defendant’s special appearance ”, provides in part as follows:
‘ ‘ 1. Except as otherwise provided in subdivision two, a defendant may make a special appearance solely to object to the court’s jurisdiction over his person. Such objection, whether based on the ground that process or its service is insufficient or that the defendant is a person not subject to the jurisdiction of the court, must be raised by a motion to set aside the service of process or to strike out part of the complaint, as may be appropriate. The objection, if raised in a manner other than that provided in this section or if combined with an objection to the merits, except as otherwise provided in subdivision four, shall be deemed waived.
“ 2. An objection to the court’s jurisdiction over the person of the defendant shall not be waived by joining therewith a motion objecting to the court’s jurisdiction over the subject matter.
* * *
“ 4. After a motion made pursuant to this section has been denied, the defendant may litigate the action on the merits without being deemed to have waived his objection to the court’s jurisdiction over his person.”
Here, said respondents not only object to the court’s jurisdiction over their person but also make objection on the merits. They move not only for dismissal but also for an order “ denying the prayer for relief requested by the Petitioners against *659 the Civil Service Commission of the County of Monroe ”, based on grounds such as that ‘ ‘ Petitioners have no legal capacity to sue in that it appears on the face of Exhibit A that provision has been made by the Local Law therein referred to for the appointment of only one Commissioner during the year 1962 ” and that “ in any event the relief demanded against the Monroe County Civil Service Commission is premature in that said Petitioners even if properly constituted are not entitled as a matter of law to the relief sought against the said Civil Service Commission unless and until its proposed rules which ‘ if satisfactory ’ have been approved by the State Civil Service Commission.” Having combined their objection to the court’s jurisdiction over their person with an objection to the merits, even under section 237-a of the Civil Practice Act as claimed, their objection to jurisdiction is deemed waived. (The holding in Matter of Avon Dairies v. Du Mond, 280 App. Div. 116, 119, supra, should be kept in mind.)
However, the notice of motion of said respondents also prays “ for such other, further, different and equitable relief as may be just and proper in the circumstances ” and also points out therein their contention, stated briefly, that the Supreme Court in and for the County of Albany is not the proper forum where a determination should be made under section 1287 of the Civil Practice Act. Under a prayer for general relief, however, such as one asking for such other and further relief as may be just, if the motion is opposed, relief allied to the specific relief asked for may be given to such an extent as the facts presented on the motion warrant, the granting of relief other than that specifically asked for being in the discretion of the court (1 Carmody-Wait, New York Practice, p. 672).
Accordingly, under the facts and circumstances revealed here, the motion of the respondent members of the Monroe County Civil Service Commission to dismiss is denied but the transfer of this matter to the County of Monroe within the Seventh Judicial District is directed, with leave to said respondents to answer within 10 days after service of a copy of the order to be entered herein with notice of entry.