■ RONCO COMMUNICATIONS & ELECTRONICS, INC., Respondent, v NICHOLAS VALENTINE, JR., as Deputy Commissioner of the New York State Department of Labor, et al., Appellants.—Judgment unanimously reversed, without costs, and petition dismissed. Memorandum: Appellant, Assistant Industrial Commissioner Valentine, after investigation, directed the Department of Audit and Control to withhold payment of $19,000 payable to respondent for construction work performed at SUNY-Potsdam because of respondent's failure to pay certain workmen the prevailing wage rate for electricians (see Labor Law, §§ 220, 220-b). Respondent contends that the work in question was properly performed by "sound technicians" and that it was not bound by the limited classification of workmen to be employed on the job contained in the State's contract specifications. There has been no hearing as required by statute (Labor Law, § 220-b, subd 2) and we, therefore, reverse and direct respondent to pursue its administrative remedy. The hearing should develop all the facts including the details of when petitioner first claimed the right to employ sound technicians rather than electricians. The commissioner undoubtedly has the authority to determine the proper classifications for the job and we perceive no impediment to his doing so by hearing held upon demand of the respondent after the job has commenced (see *Matter of Armco Drainage & Metal Prods. v Moore,* 285 App Div 236). We disagree with appellant that the proceeding is untimely or that it must be dismissed because it is an action against the Comptroller and it was not initiated in Albany County (see CPLR 506, subd [b]). Appellant has not filed a final order after a hearing as the statute requires. The 30-day time limit within which an employer may seek review has, therefore, not started to run. Furthermore, the venue need not be in Albany County because the proceeding does not seek a remedy against the Comptroller, the presence of the Head Audit Clerk of the Department of Audit and Control as a named defendant notwithstanding. It seeks to review a finding of the Industrial Commissioner, Valentine, and is directly against him, not against the Comptroller through the head audit clerk; therefore, the venue provisions of CPLR 506 (subd [b], par 2) do not control (see *Matter of Butler v State of New York,* 47 Misc 2d 365, 367), but rather the alternative provisions of subdivision (b). Those provisions permit venue to be placed where the challenged official action occurred, where the material events took place or where the principal offices of the respondents officials are located (8 Weinstein-Korn-Miller, NY Civ Prac, par 7804.03). Each is proper but "where the events took place" usually will and should govern (8 Weinstein-Korn-Miller, NY Civ Prac, par 7804.04; see, also, *Matter of Lacqua v O'Connell,* 280 App Div 31). The county "where the material events took place" is where the workers performed their labor (see *Matter of McDermott v Johnson,* 1 Misc 2d 55, 58-59). In the present case, the work took place at SUNY-Potsdam in

St. Lawrence County, which is in the Fourth Judicial District in the Third Department, and if respondent seeks review of any future order of the Industrial Commissioner, it should commence the proceeding in Supreme Court, St. Lawrence County, not Erie County as he did here. The venue provisions of CPLR 506 are mandatory but not jurisdictional; the statute's benefits can be waived if the agency fails to invoke them (see 8 Weinstein-Korn-Miller, NY Civ Prac, par 7804.03). If appellants had complied with the venue procedure of CPLR 511 (subds [a], [b]), the motion would no doubt have been granted. Since they failed to serve a demand or move for a change in venue, we pass on the merits and dismiss the petition. (Appeal from judgment of Erie Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Witmer, JJ.