■ In the Matter of BROTHERS OF MERCY NURSING AND REHABILITATION CENTER, Appellant, v BARBARA ANN DeBUONO, as Commissioner of New York State Department of Health, et al., Respondents. [654 NYS2d 921] —Order unanimously reversed on the law without costs and motion denied. Memorandum: Petitioner commenced this CPLR article 78 proceeding challenging respondents' use of the 1987 Regional Input Price Adjustment Factor (RIPAF) to calculate petitioner's 1993 through 1996 and future Medicaid reimbursement rates. Following commencement of the proceeding, respondents moved for a change of venue to Albany County, contending that all of the records regarding Medicaid reimbursement rates are in Albany, as are the personnel who made the reimbursement rate determinations. Supreme Court granted the motion. That was error.

CPLR 506 (b) provides that a special proceeding "shall be commenced in any county within the judicial district where the respondent made the determination complained of or refused to perform the duty specifically enjoined upon him by law, or where the proceedings were brought or taken in the course of which the matter sought to be restrained originated, or where the material events otherwise took place, or where the principal office of the respondent is located". The location of the material events "usually will and should govern" venue (Ronco Communications & Elecs. v Valentine, 70 AD2d 773, citing 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7804.04). The location of the material events is "the county wherein occurred the

underlying events which gave rise to the official action complained of" (*Matter of Daley v Board of Estimate*, 258 App Div 165, 166; *see, Matter of Gardiner v Harnett*, 168 Misc 349, *affd* 255 App Div 106; *see generally*, 6 NY Jur 2d, Article 78 and Related Proceedings, § 179 [1997 rev ed]). The material events here occurred in Erie County, where the acts of petitioner gave rise to the reimbursement rate determinations.

With respect to respondents' contention that, as a matter of public policy, the proceeding should be in Albany County, we note that numerous Medicaid reimbursement cases have been litigated in counties other than Albany during the past 20 years, including counties within the Fourth Judicial Department. Additionally, there is no proof that an evidentiary hearing will be required in this proceeding and thus the convenience of witnesses is not a factor. (Appeal from Order of Supreme Court, Erie County, Rath, Jr., J.—Venue.) Present— Denman, P. J., Green, Balio, Boehm and Fallon, JJ.