■ In the Matter of SEBASTIAN FERNANDEZ, Petitioner, v NEW YORK CITY TAXI & LIMOUSINE COMMISSION, Respondent. [597 NYS2d 337] —Determination of respondent New York City Taxi & Limousine Commission dated April 22, 1992, which revoked petitioner's taxicab driver's license, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Ira Gammerman, J.], entered June 8, 1992) is dismissed, without costs.

Upon review of the record, we find that there was substantial evidence to support the respondent's determination that petitioner harassed, made sexual comments to and grabbed the breast of a female passenger in his taxicab. We reject petitioner's argument that Taxicab Drivers rule 109 (35 RCNY 2-61 [a]), which prohibits a driver, while performing his duties and responsibilities, from performing "any willful act of omission or commission which is against the best interests of the public, even though not specifically mentioned in these rules", is unconstitutionally vague as applied in this case. A vagueness challenge must be addressed to the facts before the court, and where, as here, "the actions of the [accused] are plainly within the ambit of the statute, the court will not strain to imagine marginal situations in which the application of the statute is not so clear" *(People v Nelson,* 69 NY2d 302, 308). Clearly, " 'a person of ordinary intelligence' " *(People v Smith,* 44 NY2d 613, 618) should understand that it is against the public interest for taxicab drivers to sexually molest and sexually harass passengers. We have considered petitioner's other arguments and find them to be without merit. Concur— Murphy, P. J., Rosenberger, Ross, Asch and Kassal, JJ.