■ In the Matter of BOUTROS MANKARIOS, Respondent, v NEW YORK CITY TAXI AND LIMOUSINE COMMISSION, Appellant. [853 NYS2d 69]—

In 1998 petitioner was issued a license by respondent New York City Taxi and Limousine Commission (TLC) to operate a taxicab. In December 2002 TLC preferred three charges against petitioner based on an incident that occurred in his cab while he was transporting two 14-year-old female passengers. Instead of challenging the charges at an administrative hearing, petitioner entered into a stipulation with TLC pursuant to which he pleaded guilty to a violation of rule 2-60 (a) of the Taxicab Drivers Rules, which prohibits verbal abuse and use of physical force by taxicab drivers against passengers (35 RCNY 2-60 [a]), and surrendered his TLC license. The stipulation stated, in relevant part, that: "4. [Petitioner] shall not reapply for any licence issued by [TLC] for a period of one (1) year from the date [of the stipulation]. If [petitioner] should elect to reapply at a future date, the application will be referred for a fitness review. [*Petitioner*] *is aware that* [*TLC*] *will consider the facts surrounding this Stipulation, and there is no guarantee that the application will be approved at a future date*" (emphasis added).

In September 2005 petitioner reapplied to TLC for a license. Following a hearing, an Administrative Law Judge recommended to the TLC's Commissioner that the application be denied. The Administrative Law Judge noted, among other things, that only three years had elapsed since the incident, and concluded that "[petitioner] is not presently fit to hold an operator's license." The Commissioner accepted the Administrative Law Judge's conclusion and denied the application. Petitioner commenced this CPLR article 78 proceeding challenging TLC's determination. Supreme Court granted the petition, annulled the determination and directed TLC to grant the application. This appeal by TLC ensued.

Based on the parties' briefs, the only issue for our determination is whether TLC's denial of petitioner's application was arbitrary and capricious (*see* CPLR 7803 [3]). "[J]udicial review of an administrative determination is limited to whether such determination was arbitrary or capricious or without a rational basis in the administrative record, and once it has been determined that an agency's conclusion has a sound basis in reason the judicial function is at an end" (*Matter of Partnership 92 LP & Bldg. Mgt. Co., Inc. v State of N.Y. Div. of Hous. & Community Renewal*, 46 AD3d 425, 428 [2007] [internal quotation marks, citations and ellipsis omitted]; *see* Alexander, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7803:2, 2008 Supp Pamph, at 172 ["The arbitrary and capricious standard asks whether the determination in question had a rational basis"]). Here, TLC's determination has a

rational basis. The determination was predicated on the serious misconduct petitioner admitted he committed in pleading guilty and that, at the time of the hearing, only three years had passed since it occurred. Notably, although TLC would have been authorized to do so in any event, it was entitled under the express terms of the stipulation to "consider the facts surrounding th[e] Stipulation" when reviewing petitioner's application. Petitioner's postrevocation educational and occupational achievements did not compel TLC to find that petitioner was fit to hold a TLC license. Rather, TLC was free to weigh those achievements against "the facts surrounding th[e] Stipulation" in determining petitioner's application. Since TLC's determination has a rational basis, we are foreclosed from substituting our judgment for that of the agency (*see Matter of Arrocha v Board of Educ. of City of N.Y.*, 93 NY2d 361 [1999]).

We note that no argument was asserted by petitioner in his petition or in his brief regarding the poor quality of the transcript of his hearing before the Administrative Law Judge. Concur—Andrias, J.P., Friedman, Buckley, McGuire and Moskowitz, JJ.