OPINION OF THE COURT
Evelyn Frazee, J.
On or about September 1, 2007, petitioner completed an application for employment with the Arc of Monroe County which provides services for persons with developmental disabilities. Petitioner’s application stated that she had been convicted of several misdemeanors and felonies. On September 15, 2007, petitioner was hired by Arc as an individual support specialist-residential* subject to her passing the mandatory criminal background check and approval process by respondent New York State Office of Mental Retardation and Developmental Disabilities (OMRDD).
By letter dated September 18, 2007, petitioner was informed by OMRDD that it had revoked her temporary work approval and intended to disqualify her from employment with Arc as of October 18, 2007, unless it received a written explanation that would lead it to change its decision. The letter listed approximately 20 misdemeanor convictions and six felony convictions of petitioner between January 1980 and August 2004.
On or about September 20, 2007, petitioner submitted a response packet which included her resume, three letters of reference from community service providers, proof of completion of alcohol and substance abuse treatment, and graduation from Monroe Community College with distinction for being on the dean’s list for three consecutive semesters. Essentially, petitioner maintains that following her last conviction for petit larceny on August 16, 2004, she has turned her life around, successfully completed drug treatment, graduated from Monroe Community College, and done volunteer work.
*583 By letter dated October 19, 2007, OMRDD advised petitioner that it was denying her application “on the grounds that you were convicted of a crime crimes [sz'c] and that this determination was made consistent with the provisions of Article 23-A of the Correction[ ] Law.” Petitioner’s employment with Arc was rescinded.
Thereafter, petitioner commenced this CPLR article 78 proceeding challenging OMRDD’s determination. Petitioner asserts that such determination is arbitrary, capricious, and contrary to law because (1) it fails to show a direct relationship between one or more of the previous criminal offenses and the employment sought or that the granting of the employment would constitute an unreasonable risk to the property or safety or welfare of specific individuals or the general public under Correction Law § 752; (2) it fails to address the factors enumerated in Correction Law § 753; and (3) it fails to recognize the evidence of rehabilitation as required by Correction Law § 753 (2). Petitioner also asserts a second claim that she is a recovered/ recovering drug and alcohol addict and, therefore, is a “qualified individual” under Executive Law § 296 (1) (a) and that OMRDD discriminated against her by denying her employment by reason of her disability.
Respondent has submitted an answer with four objections in point of law, as follows: (1) the proceeding is premature because petitioner did not request a reason for her denial pursuant to Correction Law § 754; (2) respondent reviewed and considered all relevant factors as set forth in the affirmation of Margaret Drake, Esq., senior counsel for respondent; (3) petitioner fails to establish a prima facie employment discrimination claim; and (4) proper venue pursuant to CPLR 506 (b) is in Schenectady County.
Discussion
Objections — Premature and Venue
Preliminarily, the court rejects the respondent’s first objection in point of law that the proceeding is premature. Correction Law §§ 754 and 755 do not require that petitioner request a written statement setting forth the reasons for such denial prior to commencing a CPLR article 78 proceeding. The court also concludes that the material events, including the application and the job itself, which petitioner temporarily filled, occurred in Monroe County and, thus, venue here is proper (see CPLR 506 [b]; Matter of Brothers of Mercy Nursing & Rehabili *584 tation Ctr. v DeBuono, 237 AD2d 907 [4th Dept 1997]). The court will now address the merits of the application.
Correction Law §§ 752 and 753
Correction Law § 752 provides as follows:
“No application for any license or employment, and no employment or license held by an individual, to which the provisions of this article are applicable, shall be denied or acted upon adversely by reason of the individual’s having been previously convicted of one or more criminal offenses, or by reason of a finding of lack of ‘good moral character’ when such finding is based upon the fact that the individual has previously been convicted of one or more criminal offenses, unless:
“(1) there is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought or held by the individual; or
“(2) the issuance or continuation of the license or the granting or continuation of the employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public.”
Correction Law § 753 provides as follows:
“1. In making a determination pursuant to section seven hundred fifty-two of this chapter, the public agency or private employer shall consider the following factors:
“(a) The public policy of this state, as expressed in this act, to encourage the licensure and employment of persons previously convicted of one or more criminal offenses.
“(b) The specific duties and responsibilities necessarily related to the license or employment sought or held by the person.
“(c) The bearing, if any, the criminal offense or offenses for which the person was previously convicted will have on his fitness or ability to perform one or more such duties or responsibilities.
“(d) The time which has elapsed since the occurrence of the criminal offense or offenses.
“(e) The age of the person at the time of occurrence of the criminal offense or offenses.
“(f) The seriousness of the offense or offenses.
*585 “(g) Any information produced by the person, or produced on his behalf, in regard to his rehabilitation and good conduct.
“(h) The legitimate interest of the public agency or private employer in protecting property, and the safety and welfare of specific individuals or the general public.
“2. In making a determination pursuant to section seven hundred fifty-two of this chapter, the public agency or private employer shall also give consideration to a certificate of relief from disabilities or a certificate of good conduct issued to the applicant, which certificate shall create a presumption of rehabilitation in regard to the offense or offenses specified therein.”
It is well established that judicial review of an administrative determination is limited to whether such determination was arbitrary or capricious or without a rational basis in the administrative record (see Mankarios v New York City Taxi & Limousine Commn., 49 AD3d 316 [1st Dept 2008]). When all eight factors set forth in Correction Law § 753 are considered in making a determination pursuant to Correction Law § 752 concerning employment of a person with a criminal conviction and the positive factors are balanced against the negative factors, the resulting decision is neither arbitrary nor capricious nor does it constitute an abuse of discretion (see Matter of Arrocha v Board of Educ. of City of N.Y., 93 NY2d 361 [1999]).
In answer to the petition, the respondent submitted an affidavit by Margaret Drake, Esq., who attaches a two page memorandum dated October 19, 2007. The memorandum lists all of petitioner’s convictions and recites the statutory factors required to be considered under Correction Law § 753. The memo then states as follows:
“No Certificate of Relief from Disabilities or Good Conduct. Applicant was between 19 and 44 years old when convicted. The applicant provided information concerning education and employment. She also provided information that she completed drug abuse treatment and is continuing to attend NA meetings. The applicant also provided references. The applicant was sentenced to state prison as the result of the robbery conviction. She was paroled in 1998. She violated parole in 2000 and was sent back to prison. She was again released in 12/2000. She *586 was discharged from parole on 4/20/01 after her maximum expiration was reached. She provided no information concerning her period of parole. During the time she was on parole she was convicted of another crime. In 2004 she was convicted of Petit Larceny and was placed on probation. She completed her probation in August, 2007 and was discharged after her maximum expiration. She provided no information concerning her period of probation.
“Applicant has applied for a position which would involve regular and substantial unsupervised or unrestricted physical contact with consumers. The applicant has an extensive criminal history that spans over 20 years. Her last conviction was three years ago and she just completed probation in August, 2007. She has only been without the support of probation for approximately 2 months. She violated her terms of parole and committed a crime while on parole. Robbery 2nd is a violent crime in New York State and is considered a very serious crime by OMRDD. She provided information that she is currently undergoing rehabilitation. But that rehabilitation is clearly not complete. OMRDD does have a legitimate interest in protecting the safety of the vulnerable consumer population. All factors under Article 23A of the Correction Law were considered. The positive factors were balanced against the negative factors. A direct relationship was found between the job and the previous convictions. These factors outweigh the public policy of the state to encourage employment of persons convicted of criminal [sic]. Employment would involve an unreasonable risk to the safety and welfare of the consumers or the general public.
“Denied.”
The court finds that the determination of respondent is arbitrary and capricious.
First, the specific duties and responsibilities necessarily related to the employment sought are not set forth. The statement that applicant has applied for a position which “would involve regular and substantial unsupervised or unrestricted physical contact with consumers” is a general catchall statement without any attempt to address the specific employment duties involved in the employment sought by petitioner as previously set forth herein.
*587 The respondent’s determination also fails to specify the bearing, if any, that petitioner’s convictions will have on her fitness or ability to perform such duties or responsibilities.
Next, the respondent based its denial, in part, on the failure of petitioner to submit information in regard to her parole and probation supervision. Respondent, however, did not request such information from petitioner nor did it advise petitioner that her failure to do so could lead to her denial. This was arbitrary and capricious (see Matter of Hollingshed v N.Y.S. Off. of Mental Retardation & Dev. Disabilities, NYLJ, Feb. 22, 2008, at 27, col 1 [Sup Ct, Bronx County 2008]).
The respondent’s determination also appears to contradict itself. It initially states that petitioner “provided information that she completed drug abuse treatment and is continuing to attend NA meetings” but then states petitioner is “undergoing rehabilitation . . . that ... is clearly not complete.”
Finally, the determination also fails to articulate in any meaningful and specific way the positive factors which were submitted by petitioner. For example, the fact that petitioner graduated from Monroe Community College with distinction was glossed over as the “application provided information concerning education.”
The court finds that since all the factors enumerated in Correction Law § 753 were not properly addressed and considered, the determination that there is a direct relationship between petitioner’s convictions and the employment sought and that granting of the employment would involve an unreasonable risk to the safety and welfare of the consumers or the general public is arbitrary and capricious. The matter is remanded to OMRDD for further consideration (see Matter of Gallo v State of N.Y., Off. of Mental Retardation & Dev. Disabilities, 37 AD3d 984 [3d Dept 2007]; Boatwright v New York State Off. of Mental Retardation & Dev. Disabilities, 2007 NY Slip Op 30911[U] [Sup Ct, NY County 2007]).
Executive Law § 296 (1) (a)
Executive Law § 296 (1) (a) prohibits discrimination against job applicants based upon, among other things, an applicant’s disability. A disability is defined in Executive Law § 292 (21) as follows:
“21. The term ‘disability’ means (a) a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological *588 conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques or (b) a record of such an impairment or (c) a condition regarded by others as such an impairment, provided, however, that in all provisions of this article dealing with employment, the term shall be limited to disabilities which, upon the provision of reasonable accommodations, do not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held.”
Petitioner’s assertion that she is a qualified individual under Executive Law § 296 (1) (a), and that denial of her employment solely on the basis of her convictions was by reason of her disability, is premature, and need not be further addressed at this time given the court’s determination to remand the matter for further consideration.

 This job summary was as follows:
“works directly with adults with physical and developmental disabilities in a residential environment to provide personal care and promote participants’ independence, individualization, productivity, integration, personal choice, safety, and well being. Interacts with individuals, staff, and supervisors (Assistant Program Manager, Program Manager, and Residential Supervisor) in a positive and culturally respectful manner.”