■ In the Matter of RAFEAK MUHAMMAD, M.D., Appellant, v HOWARD A. ZUCKER, M.D., J.D., as Acting Commissioner of the New York State Department of Health, et al., Respondents. [26 NYS3d 276]—

Judgment, Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered March 11, 2015, which denied the petition pursuant to CPLR article 78 seeking to annul the September 4, 2014 determination of respondent Director of the Office of Professional Medical Conduct (DOPMC), who declined to join petitioner in his application to further modify the consent order limiting his license to practice medicine, and dismissed the proceeding, unanimously affirmed, without costs.

The test for whether an administrative agency's determination is arbitrary and capricious is whether the determination "is without sound basis in reason and is generally taken without regard to the facts" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *Matter of Mankarios v New York City Taxi & Limousine Commn.*, 49 AD3d 316, 317 [1st Dept 2008]). Upon review of the record, DOPMC's decision not to join in petitioner's application was rational and based on the facts.

Public Health Law § 230 (10) (q) provides only two grounds for modifying the consent order: (1) if there is new, material evidence that was not previously available at the time the consent order was executed that, had it been available, would have led to a different result; or (2) circumstances subsequent to the consent order warrant a reconsideration of the measure of discipline. DOPMC's September 4, 2014 letter considered both of petitioner's proposed modifications—(1) that petitioner be permitted to treat workers' compensation patients in the Jamaica Hospital Ophthalmology Clinic, and (2) that petitioner be permitted to treat workers' compensation patients in his private practice. DOPMC concluded that the circumstances described in petitioner's letters of support from the chief financial officer of the hospital and the head of the ophthalmology department warranted only the first proposed modification.

Further, the fact that DOPMC's rejoinder to petitioner's modification request was a limited second modification order that would entail a more gradual release of the license restriction, demonstrates that the facts of this matter were considered, and that DOPMC exercised his discretion in advocating an incremental approach.

Despite DOPMC's elaboration of his rationale in the affidavit submitted to the article 78 court, this is not a case that would require this Court to "surmise or speculate as to how or why an agency reached a particular conclusion" (*Matter of Liguori v*

*Weiss*, 24 Misc 3d 1217[A], 2009 NY Slip Op 51508[U], *3 [Sup Ct, Albany County 2009]). It is clear, based on the September 4, 2014 letter, as amplified by the affidavit, that petitioner, who had been disciplined for falsifying workers' compensation forms and treating workers' compensation patients when it was no longer medically indicated in his private practice, provided no evidence as to his performance while working in an unsupervised setting.

Petitioner's remaining arguments have been considered and found unavailing. Concur—Acosta, J.P., Renwick, Andrias and Moskowitz, JJ.