Matter of Singh v NYC Taxi & Limousine Commn. (2018 NY Slip Op 01391)





Matter of Singh v NYC Taxi & Limousine Commn.


2018 NY Slip Op 01391


Decided on March 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 1, 2018

Acosta, P.J., Friedman, Richter, Kapnick, JJ.


5853 102037/16

[*1]In re Baldev Singh, Petitioner,
v
NYC Taxi & Limousine Commission, Respondent.


Chhetry & Associates, P.C., New York (Khagendra Gharti-Chhetry of counsel), for petitioner.
Zachary W. Carter, Corporation Counsel, New York (Arron M. Bloom of counsel), for respondent.



Determination of respondent New York City Taxi and Limousine Commission (TLC), dated December 8, 2016, which, after a hearing, revoked petitioner taxicab driver's license upon a finding that he threatened a passenger following a fare dispute, and imposed a $1,350 fine, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Arlene P. Bluth, J.], entered on or about April 4, 2017), dismissed, without costs.
Substantial evidence supports a finding that petitioner threatened and harassed a passenger where the passenger's testimony and security video footage demonstrated that petitioner shouted sexual threats at the passenger, and chased her through the building's lobby while screaming obscenities, forcing her to hide in fear. The hearing officer credited the complaining witness's documentary evidence and testimony, and such determination is "largely unreviewable because the hearing officer observed the witnesses and was able to perceive the inflections, the pauses, the glances and gestures—all the nuances of speech and manner that combine to form an impression of either candor or deception" (Matter of Asch v New York City Bd./Dept. of Educ., 104 AD3d 415, 420 [1st Dept 2013] [internal quotation marks omitted]).
Petitioner contends that the complaining witness did not pay his fare; however, regardless of payment, the facts of his conduct, standing alone, support a finding that petitioner engaged in acts of harassment and "against the best interests of the public" (35 RCNY § 54-12(e) and (f))[FN1]. Under these circumstances, and the fact that in two unrelated 2015 incidents, petitioner also cursed at a passenger over a fare disagreement, all of which demonstrate a threat to public safety or breach of the public trust, the penalty of revocation does not shock the conscience (see Matter of Bautista v City of New York, 81 AD3d 472, 473 [1st Dept 2011] [lewd behavior]; Matter of Mankarios v New York City Taxi & Limousine Commn., 49 AD3d 316, 317 [1st Dept 2008] [verbal abuse and use of physical force]; Matter of Arif v New York City Taxi & Limousine [*2]Commn., 3 AD3d 345, 346 [1st Dept 2004] [refused service]; Matter of Fernandez v New York City Taxi & Limousine Commn., 193 AD2d 423, 423 [1st Dept 1993] [harassment, sexual comments, grabbed the breast of passenger]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 1, 2018
CLERK



Footnotes

Footnote 1:The regulations were repealed and recodified subsequent to the petition, in that 35 RCNY § 54-12 became 35 RCNY § 80-12 (d), (e) and (f). The repeal and recodification were not retroactive and have no effect on this case.